UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE ALBERTO,

                            Plaintiff,

             -against-

MICHAEL MORALES OF THE NEW YORK
CITY POLICE DEPARTMENT, WILLIAM
PERRY OF THE NEW YORK CITY POLICE
DEPARTMENT, OFFICERS JOHN DOE OF
THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE
COMMISSIONER WILLIAM J. BRATTON,
FIONNUALA O'DOHERTY, ASSISTANT
DISTRICT ATTORNEY OF THE NEW
YORK COUNTY DISTRICT ATTORNEY'S
OFFICE, MIREILLE DEE, ASSISTANT
DISTRICT ATTORNEY OF THE NEW
YORK COUNTY DISTRICT ATTORNEY'S
OFFICE, CYRUS R. VANCE, JR., DISTRICT
ATTORNEY OF THE NEW YORK
COUNTY DISTRICT ATTORNEY'S
OFFICE, THE NEW YORK COUNTY
DISTRICT ATTORNEY'S OFFICE, AND
THE CITY OF NEW YORK,

                            Defendants.

**15 cv 9449**

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6)**

## TABLE OF CONTENTS

Page

LEGAL STANDARD ..................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 3

ARGUMENT .................................................................................................................................. 6

I.      DANY is a non-suable entity ............................................................................................... 6

II.     Alberto's §1983 and state law claims against the DA defendants in their official capacities are barred by Eleventh Amendment immunity and are duplicative of her claims against the City ........... 7

III.    Alberto's §1983 claims against the DA defendants in their individual capacities do not allege personal involvement, are barred by absolute prosecutorial immunity, and otherwise fail on the merits… ............................................................................................................................................ 8

a)      Alberto fails to allege the personal involvement of District Attorney Vance ......................... 8

b)      Alberto fails to allege the personal involvement of ADA O'Doherty and ADA Dee in her arrest.... ................................................................................................................................................ 11

IV.     Alberto's state law claims against the DA defendants in their individual capacities are insufficiently pled, barred by lack of personal involvement and absolute immunity, and otherwise fail on the merits ........................................................................................................................................ 16

CONCLUSION ............................................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

*5 Borough Pawn, LLC v. City of New York,*
    640 F. Supp. 2d 268 (S.D.N.Y. 2009) ................................................................................. 8

*Adams v. Galletta,*
    966 F. Supp. 210 ................................................................................................................ 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................... 2

*Baez v. Hennessy,*
    853 F.2d 73 (2d Cir. 1988) ................................................................................................ 7

*Barreto v. Cty. of Suffolk,*
    455 F. App'x 74 (2d Cir. 2012) ......................................................................................... 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................................... 1, 2

*Bernard v. County of Suffolk,*
    356 F.3d 495 (2d Cir. 2004) ............................................................................................ 11

*Broder v. Cablevision Systems Corp.,*
    418 F.3d 187 (2d Cir. 2005) .............................................................................................. 2

*Brown v. City of New York,*
    2014 U.S. Dist. LEXIS 150577 (S.D.N.Y. Oct. 23, 2014) (Engelmayer, J.) ..................... 2

*Buckley v. Fitzsimmons,*
    509 U.S. 259 (1993) ..................................................................................................... 9, 14

*Coakley v. Jaffe,*
    72 F. Supp. 2d 362 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) ...................... 14

*Coakley v. Jaffee,*
    49 F. Supp. 2d 615 (S.D.N.Y. 1999), *aff'd,* 235 F.3d 1261 (2d Cir. 2000) ...................... 16

*Connick v. Thompson,*
    563 U.S. 51 (2011) ........................................................................................................... 10

*Coon v. Town of Springfield,*
    404 F.3d 683 (2d Cir. 2005) .............................................................................................. 8

*Crews v. County of Nassau,*
  996 F. Supp. 2d 186 (E.D.N.Y. 2014) ............................................................16

*Davis v. New York,*
  316 F.3d 93 (2d Cir. 2002) .................................................................................7

*Du Chateau v. Metro-North Commuter R.R. Co.,*
  253 A.D.2d 128 (1st Dept. 1999) .....................................................................11

*Escalera v. Lunn,*
  361 F.3d 737 (2d Cir. 2004) .............................................................................11

*Farid v. Ellen,*
  593 F.3d 233 (2d Cir. 2010) ...............................................................................9

*Farrell v. Burke,*
  449 F.3d 470 (2d Cir. 2006) .............................................................................11

*Gench v. HostGator.com LLC,*
  2015 U.S. Dist. LEXIS 78309 (S.D.N.Y. July 28, 2015) ................................16

*Giraldo v. Kessler,*
  694 F.3d 161 (2d Cir. 2012) ....................................................................... 11, 14

*Hernandez v. Keane,*
  341 F.3d 137 (2d Cir. 2003) ...............................................................................9

*Hill v. City of New York,*
  45 F.3d 653 (2d Cir. 1995) ......................................................................... 12, 14

*Holeman v. City of New London,*
  425 F.3d 184 (2d Cir. 2005) .............................................................................15

*Jaegly v. Couch,*
  439 F.3d 149 (2d Cir. 2006) .............................................................................15

*Kanderskaya v. Kelly,*
  11 F. Supp. 3d 431, 433 (S.D.N.Y. 2014) .........................................................2

*Keiler v. Harlequin Enters. Ltd.,*
  751 F.3d 64 (2d Cir. 2014) .................................................................................1

*L-7 Designs, Inc. v. Old Navy, LLC,*
  647 F.3d 419 (2d Cir. 2011) ...............................................................................2

*LaFleur v. Whitman,*
  300 F.3d 256 (2d Cir. 2002) ...............................................................................2

iv

*Lamont v. City of New York*,
    12 CV 2478, 2014 U.S. Dist. LEXIS 137902 (E.D.N.Y. Sept. 29, 2014) ..........................................2

*Levantino v. N.Y. State Police*,
    56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014) ...........................................................16

*Manganiello v. City of New York*,
    612 F.3d 149 (2d Cir. 2010) ...........................................................16

*Morningside Supermarket Corp. v. N.Y. State Dep't of Health*,
    432 F. Supp. 2d 334 (S.D.N.Y. 2006)...........................................................7

*New York v. Operation Rescue Nat'l*,
    273 F.3d 184 (2d Cir. 2001) ...........................................................2

*Newton v. City of New York*,
    566 F. Supp. 2d 256 (S.D.N.Y. 2008) ...........................................................2

*Ochre LLC v. Rockwell Architecture Planning & Design*,
    2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012) ...........................................16

*People of the State of New York v. Small*,
    2015 NY Slip Op 08457 (11/19/2015 Court of Appeals)...........................................15

*Quinones v. City of New York*,
    12 Civ. 5147 (NRB), 2013 U.S. Dist. LEXIS 176271 (S.D.N.Y. Dec. 10, 2013)...........................2

*Rasmussen v. City of New York*,
    766 F. Supp. 2d 399 (E.D.N.Y. 2011)...........................................................15

*Ricciuti v. N.Y.C. Transit Auth.*,
    124 F.3d 123 (2d Cir. 1997) ...........................................................13

*Rizzo v. Edison, Inc.*,
    172 Fed. Appx. 391 (2d Cir. 2006) ...........................................................15

*Rodrigues v. City of New York*,
    193 A.D.2d 79 (1st Dept. 1993) ...........................................................16

*Savino v. City of New York*,
    331 F.3d 63 (2d Cir. 2003) ...........................................................15

*Shmueli v. City of New York*,
    424 F.3d 231 (2d Cir. 2005) ...........................................................9, 11

*Siegert v. Gilley*,
    500 U.S. 226 (1991)...........................................................3

*Simon v. City of New York*,
  727 F.3d 167 (2d Cir. 2013) ............................................................................................ 11, 14

*Soto v. City of New York*,
  2015 U.S. Dist. LEXIS 125481, 2015 WL 5569021 (E.D.N.Y. 2015) ............................... 13

*Taylor v. Kavanagh*,
  640 F.2d 450 (2d Cir. 1981) ............................................................................................ 12

*Thomas v. Venditto*,
  925 F. Supp. 2d 352 (E.D.N.Y. 2013) ............................................................................... 8

*Triano v. Town of Harrison*,
  895 F. Supp. 2d 526 (S.D.N.Y. 2012) .............................................................................. 10

*Van de Kamp v. Goldstein*,
  555 U.S. 335 (2009) ......................................................................................................... 9

*Walker v. City of New York*,
  974 F.2d 293 (2d Cir. 1992) ............................................................................................ 10

*Weiner v. McKeefery*,
  90 F. Supp. 3d 17, 2015 U.S. Dist. LEXIS 32888, 2015 WL 1055890 (E.D.N.Y.
  Mar. 11, 2015) ................................................................................................................ 13

*Wiltshire v. Williams*,
  576 F. App'x 48 (2d Cir. 2014) .................................................................................. 12, 13

*Woodward v. Office of Dist. Att'y*,
  689 F. Supp. 2d 655 (S.D.N.Y. 2010) ............................................................................... 6

*Wyllie v. District Attorney of County of Kings*,
  2 A.D.3d 714 (2d Dept. 2003) ......................................................................................... 11

*Ying Jing Gan v. City of New York, et al.*,
  996 F.2d 522 (2d Cir. 1993) ........................................................................................... 7, 8

## STATUTES

42 U.S.C. §1983 ....................................................................... 1, 6, 7, 8, 9, 11, 14, 15, 16

CPL 190.50(5)(a) ............................................................................................................ 15

## PRELIMINARY STATEMENT

By this §1983 action, plaintiff Christine Alberto seeks damages arising from her arrest and prosecution for Burglary in the Third Degree and Grand Larceny in the Third Degree. The criminal case that is the subject of this lawsuit originated because a civilian by the name of Issa Chouman reported that Alberto burglarized the Rave PCS Store at 3851 Broadway in New York County on June 13 & June 14, 2014 at about 11:00 P.M. by entering the store premises and taking about $6,000 and stealing phones. Before a grand jury, Chouman testified that Alberto was a former employee of his who had stolen his money and store property. As a result, Alberto was indicted for Burglary in the Third Degree and Grand Larceny in the Third Degree and the issuance of a warrant followed.   On October 22, 2014, Alberto surrendered to police officers of the New York City Police Department ("NYPD") and was arrested pursuant to the arrest warrant issued after the grand jury indictment.

Alberto has filed a civil suit alleging wrongdoing on the part of the police officers who arrested her, the New York County District Attorney's Office ("DANY"), District Attorney Cyrus R. Vance, Jr., Assistant District Attorneys Fionnuala O'Doherty and Mireille Dee (the latter three collectively, "DA defendants").   DANY and the DA defendants now move for dismissal, with prejudice, under *Federal Rule of Civil Procedure 12(b)(6)* on the grounds that Alberto's claims raise allegations that fall within the scope of Eleventh Amendment and absolute prosecutorial immunity, and otherwise fails on the merits.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering the motion, the court accepts as true the factual allegations in the complaint and draws all inferences in the plaintiff's favor.  *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014).  However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining whether the plausibility standard has been met, *see Twombly*, *supra*, at 570, the court is not limited to the allegations in the complaint. *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005). The court may also consider documents that are incorporated by reference in, or integral to, the complaint as well as documents of which judicial notice may be taken for the factual background of the case. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 421-422, 429-430 (2d Cir. 2011); *see also Newton v. City of New York*, 566 F. Supp. 2d 256, 276-277 (S.D.N.Y. 2008) (considering records from underlying criminal proceeding in resolving defendants' motion to dismiss the plaintiff's §1983 civil claims); *LaFleur v. Whitman*, 300 F.3d 256, 267 n.1 (2d Cir. 2002) (court may take judicial notice of records filed in state court proceeding); *New York v. Operation Rescue Nat'l*, 273 F.3d 184, 199 (2d Cir. 2001) (similar); *Brown v. City of New York*, 2014 U.S. Dist. LEXIS 150577, at *5-6 n2 (S.D.N.Y. Oct. 23, 2014) (Engelmayer, J.) (taking judicial notice of court filings and decisions in related litigation as matters of the public record).

In a civil suit sounding in false arrest and malicious prosecution, the court may take judicial notice of police and criminal court records on a motion to dismiss. *See, e.g.*, *Newton v. City of New York*, 566 F. Supp. 2d 256, 276-277 (S.D.N.Y. 2008) (considering criminal court records), *Kanderskaya v. Kelly*, 11 F. Supp. 3d 431, 433 (S.D.N.Y. 2014) (considering police records), *Lamont v. City of New York*, 12 CV 2478 (WFK), 2014 U.S. Dist. LEXIS 137902, at *3-4 (E.D.N.Y. Sept. 29, 2014) (considering police records). Such records are not considered for the truth of the matter asserted therein – i.e. that the plaintiff actually committed the offense at issue – but for the fact that such assertions were made to law enforcement. *Quinones v. City of New York*, 12 Civ. 5147 (NRB), 2013 U.S. Dist. LEXIS 176271, at *2-3 n.1 (S.D.N.Y. Dec. 10, 2013).

Where the defense of immunity is raised – as it is here – the issue should be resolved as early as possible "to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232-233 (1991).

## STATEMENT OF FACTS

Alberto alleges that she is sole business owner of two Rave PCS stores located in New York and Jersey City. Complaint at ¶17. Alberto asserts that she incorporated "Rave PCS of Jersey City" in October 2013 and that withdrawals and deposits for both stores originated from the account of which Alberto was the sole account holder. *Id.* at ¶19. Issa Chouman claimed that he was the sole owner of Rave PCS when he alleged (to the police) that Alberto burglarized the store located at 3851 Broadway in New York County on or about June 13-14, 2014 at approximately 11:00 PM by entering the store and taking about $6,000 and stealing phones. *Id.* at ¶¶20-21. *see also* Declaration of Susan Roque-Exhibit "A".[1] The NYPD and Manhattan DA accepted Chouman's version of events and decided to go forward with the case. *Id.* at ¶21. The Manhattan DA accepted as proof paperwork presented by Chouman that did not specifically verify that anything was actually removed from the store. *Id.* at ¶22. The Manhattan DA accepted Chouman's paperwork and statements that the phones reflected in the paperwork were stolen from the New York store by Alberto. *Id.* at ¶23. The paperwork did not contain information to verify the allegation that $6,000 had been taken by Alberto, which was paramount to determine whether Alberto had committed burglary and grand larceny. *Id.* at ¶22. Although Alberto alleges the Manhattan DA could not charge burglary without charging grand larceny, burglary requires no monetary threshold and stands alone without requirement of an accompanying charge. *Id.;* "Roque" -Exhibit "B"-Indictment.

---

[1] The attachment to the motion is the store lease naming Issa Chouman as the sole tenant.

The Manhattan DA failed to investigate whether phones were actually stolen from the store. *Id.* at ¶23. Due to Alberto being the sole account holder of the account that paid for the phones, the allegedly stolen phones belonged to her and, as a result, she could not have committed larceny of said phones. *Id.* at ¶24. The Manhattan DA failed to properly investigate whether Chouman's allegations against Alberto were truthful, and failed to properly investigate that Alberto was a business associate of Chouman, and the sole owner of Rave PCS of New Jersey 554 Corp., the entity that owned all of the stolen phones. *Id.* at ¶¶24-25. The Manhattan DA charged Alberto with grand larceny despite her property interest in the alleged stolen goods and charged her with burglary even though Alberto did not enter the store with the intent to commit a crime. *Id.* at ¶25. The Manhattan DA initiated prosecutorial proceedings against Alberto and presented Chouman as a witness in the grand jury where he testified that Alberto was a former employee who stole his money and property. *Id.* at ¶27. The Manhattan DA presented Chouman's unverified paperwork to the grand jury and secured an indictment against Alberto charging her with Burglary in the Third Degree (knowingly entering and remaining unlawfully in a building with the intent to commit a crime therein) and Grand Larceny in the Third Degree (stealing property in excess of $3,000). *Id.* at ¶¶27, 30, Exhibit "B". Since the criminal proceeding was initiated by Chouman without Alberto's knowledge, and she had moved from New York City to Rhode Island, she was denied an opportunity to testify before the grand jury. *Id.* at ¶¶28, 33.

The indictment resulted in a warrant being issued for Alberto's arrest. *Id.* at ¶32, "Roque"- Exhibit "C"- Warrant of arrest.

On or about July of 2014, arresting officers including Defendant Michael Morales harassed and threatened Alberto's father, stepmother and siblings with deportation because Alberto's father was unable to provide Alberto's whereabouts to them. *Id.* at ¶34. Once Alberto's father spoke to her, he was able to ascertain that she had moved to Rhode Island. *Id.* In August of 2014, officers

of the N.Y.P.D. traveled to Rhode Island to carry out the arrest warrant and in attempting to do so, harassed members of Alberto's family, including minors, by following them in rental cars and entering Alberto's cousin's house to further threaten and interrogate them. *Id.* at ¶36. Once the officers learned Alberto's address, they went there and demanded she surrender, which she refused to do because they were dressed in plain clothing and without badges. *Id.* at ¶37. Alberto called her attorney who informed her that she did not need to go with the officers, which made the officers agitated and angry. *Id.*

Alberto went to the criminal court in Rhode Island and although the presiding judge remarked on the outrageous conduct of the officers, the judge nevertheless incarcerated her for two days until agreeing to release her so she could return to New York to answer the warrant. *Id.* at ¶¶38-40. In October, Alberto travelled to New York to answer her charges and was officially arrested after she surrendered on October 22, 2014. *Id.* at ¶¶40-41. Alberto was handcuffed at the nearby precinct and Defendant Morales walked her around and mocked her by stating to fellow officers, "Princess decided to show up." *Id.* at ¶42. Alberto was arraigned and incarcerated (in an adult section for people over 22 years of age) at Riker's Island for 10 days—the time it took for Alberto to post the $10,000 bail. *Id.* at ¶¶41, 43.

At the same time, Alberto also had an outstanding arrest warrant from the State of New Jersey which originated from Chouman's allegations that she burglarized and stole from the Jersey City PCS store. *Id.* at ¶45. On November 10, 2014, while out on $10,000 bail, Alberto appeared before Judge Jill Konviser for a motion appearance and discussed travelling to New Jersey to confront the charges there. *Id.* at ¶46. Since there were no additional charges added to the open indictment before Judge Konviser, Alberto's bail status was not changed on that date and as a result, Alberto was free to leave the courtroom. *Id.* Once she left the courtroom, Defendant Officer John Doe arrested her on the New Jersey extradition warrant. *Id.* at ¶¶47, 71. Alberto spent two weeks in Riker's Island and was then transported to New Jersey. *Id.* at ¶48. Ultimately, Alberto's case in New York was

dismissed and her bail money was exonerated. *Id.* at ¶49. Having reviewed the grand jury proceedings, New York State Supreme Court Justice Jill Konviser dismissed the indictment with leave to represent citing that the People failed to render curative instructions that impaired the grand jury proceedings. Roque- Exhibit "D"-Decision and Order. The Court's decision did not indicate any legal insufficiency with the charges and rendered no opinion the People should proceed with caution regarding Chouman's testimony against Alberto. *Id.*   The case was not represented to the grand jury, consequently Justice Konviser's decision remains the final disposition of the indictment against Alberto.

## ARGUMENT

Alberto has sued the DA defendants in their official and individual capacities and raises claims against them of malicious prosecution (First & Tenth Counts), false arrest (Second Count), loss of enjoyment of life (Ninth Count) and deliberate indifference under 42 U.S.C. §1983 (Eleventh Count). As explained below, Alberto's claims against the DA defendants in their official capacities are barred by Eleventh Amendment immunity and are duplicative of her *Monell* claim against the City of York. Alberto's claims against the DA defendants in their individual capacities are subject to dismissal based on a lack of personal involvement, the availability of absolute immunity, and Alberto's failure to state a claim.

### I.    DANY is a non-suable entity

All §1983 and state law claims against DANY should be dismissed as a District Attorney's Office is a non-suable entity lacking a distinct legal existence distinct from the District Attorney himself.  *See, e.g.*, *Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) ("[I]n the case of the Suffolk County District Attorney's Office, [it] was not an entity capable of being sued"), *Woodward v. Office of Dist. Att'y*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("Under New York law, the [District

Attorney's Office] does not have a legal existence separate from the District Attorney … the [ ] Office is not a suable entity") (citation omitted).

**II.    Alberto's §1983 and state law claims against the DA defendants in their official capacities are barred by Eleventh Amendment immunity and are duplicative of her claims against the City**

Alberto seeks to hold District Attorney Vance, ADA Fionnuala O'Doherty and ADA Mireille Dee liable for her prosecution in their official capacities under §1983 and state law.  "A claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment."  *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (citation omitted).  A district attorney represents the state when prosecuting a criminal matter and therefore is immune from suit under the 11th Amendment.  *Ying Jing Gan v. City of New York, et al.*, 996 F.2d 522, 536 (2d Cir. 1993). Eleventh Amendment immunity extends to district attorneys and their assistants in certain circumstances.  Namely, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county," and is protected by the Eleventh Amendment.  *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). Accordingly, Alberto's §1983 and state law official-capacity claims against the District Attorney, ADA O'Doherty and ADA Dee arising from their alleged role in her prosecution should be dismissed.  *Cf. Morningside Supermarket Corp. v. N.Y. State Dep't of Health*, 432 F. Supp. 2d 334, 338-340 (S.D.N.Y. 2006) (dismissing §1983 and state law damages claims against state officials as barred by the Eleventh Amendment).

Alberto also seeks to hold the DA defendants liable in their official capacity under §1983 for alleged deliberate indifference to training and supervision.  Complaint at ¶¶154-160.[2]  In

---

[2] Plaintiff alternately refers to "all listed defendants", "Cyrus R. Vance" and "Manhattan DA" when detailing this claim, not specifically naming ADAs O'Doherty and Dee. Complaint at ¶¶154, 156, 160.

matters pertaining to the administration of his or her office, a District Attorney "may be considered a municipal policymaker for the City of New York." *Ying Jing Gan,* 996 F.2d at 522. However, "a §1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself." *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005). Alberto's claim against the DA defendants based on alleged deliberate indifference to training and supervision is therefore duplicative of her *Monell* claim against the City based on the same allegations, *see, e.g.*, Complaint at ¶¶154-160 ("Defendants William J. Bratton, Cyrus R. Vance, New York County District Attorney's Office, and the City of New York have created and tolerated an atmosphere of lawlessness … and/or failed to train and/or supervise its officers in a manner accounting to deliberate indifference …"), and is similarly subject to dismissal. *See, e.g.*, *Thomas v. Venditto*, 925 F. Supp. 2d 352, 364 (E.D.N.Y. 2013), *5 Borough Pawn, LLC v. City of New York*, 640 F. Supp. 2d 268, 297-298 (S.D.N.Y. 2009) (dismissing deliberate indifference claim against the Police Commissioner as duplicative of claim against the City).

### III.     Alberto's §1983 claims against the DA defendants in their individual capacities do not allege personal involvement, are barred by absolute prosecutorial immunity, and otherwise fail on the merits

#### a)    Alberto fails to allege the personal involvement of District Attorney Vance

The complaint does not contain a single plausible allegation to suggest that District Attorney Vance – who oversees an office that employs hundreds of prosecutors and handles approximately 100,000 cases annually – personally participated in Alberto's arrest or prosecution. *See generally* Complaint at ¶¶21-32. Plaintiff's naming DA Vance with ADAs O'Doherty and Dee as having all three jointly presented the Alberto case to the grand jury is at best, far-fetched and at worst, dishonest and should not be credited. *Id.* at ¶53. Significantly, since the complaint has no other mention or allegation proffered of DA Vance being personally involved with Alberto's prosecution and arrest, plaintiff's allegation is simply preposterous. In the absence of a plausible suggestion that

8

the DA Vance violated Alberto's right to be free from false arrest or malicious prosecution through his own actions, Alberto cannot pursue a lawsuit against him. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).  Supervisory liability under §1983 "depends on a showing of some personal responsibility, and cannot rest on respondeat superior." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

Even if Mr. Vance had been personally involved in Alberto's prosecution, he would be protected by absolute immunity.  A prosecutor acting within the scope of his duties in initiating and pursuing a prosecution is immune from civil suit under §1983. *Shmueli v. City of New York*, 424 F.3d 231, 236-38 (2d Cir. 2005), *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Inasmuch as Alberto seeks to hold District Attorney Vance liable in his individual capacity for deliberate indifference to training or supervision, *see* Complaint at ¶¶154-160, absolute immunity again applies.  A District Attorney's decision whether or not to train his assistants on tasks related to their prosecutorial function is protected by absolute immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-344 (2009).  The complaint alleges that "William J. Bratton, Cyrus R. Vance, New York County District Attorney's Office and City of New York" failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.  Complaint at ¶156.  A prosecutor's application of the law governing grand jury proceedings amounts to an exercise of their discretion in presenting (or declining to present) criminal charges.  By extension, a District Attorney's determination as to what information should be included in the training or supervision on that subject "requires legal knowledge and the exercise of related discretion." *Van de Kamp*, *supra*, 344.  As Alberto's claim focuses on an administrative obligation that is directly connected to a prosecutorial function, it is barred by absolute immunity.

Absolute immunity aside, Alberto has failed to plausibly allege deliberate indifference on the part of District Attorney Vance.  To state such a claim, a plaintiff must allege "[a] pattern of similar constitutional violations by untrained employees" so widespread as to put policymakers "on

actual or constructive notice [of] a particular omission in their training program." *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011).  In *Connick*, the Supreme Court rejected the "single incident" theory of deliberate indifference in the context of a District Attorney's Office, reasoning that prosecutors are "trained in the law and equipped with the tools to interpret and apply legal principles, understand constitutional limits, and exercise legal judgment." *Id.* at 64.  Alberto bases her claim exclusively on the events surrounding her own arrest and the conclusory allegation that DA Vance failed to train or supervise his assistants, Complaint at ¶¶156, which is insufficient to withstand a motion to dismiss. *See, e.g.*, *Connick*, *supra*, at 62-63 (finding four *Brady* reversals in the ten years preceding the plaintiff's conviction insufficient, as a matter of law, to show deliberate indifference), *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 539 (S.D.N.Y. 2012) (dismissing deliberate indifference claim where the plaintiff "merely alleged that the [t]own fail[ed] to train its employees, without providing any supporting factual detail … regarding other instances of police misconduct which could be attributed to a failure to train").

Alberto's deliberate indifference claim is also based on the allegation the District Attorney failed to train his assistants not to purposely violate defendants' constitutional rights.  For example, Alberto claims that DA Vance failed to admonish prosecutors that they should not go forward with presenting unverified and false evidence in front of grand juries for obtaining a quick and improper indictment against individuals.  Complaint at ¶157.  There is no obligation to train municipal employees to avoid intentional unlawful conduct.  "Where the proper response [in a given situation] – … to avoid prosecuting the innocent – is obvious to all without training or supervision, then the failure to train is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference." *Walker v. City of New York*, 974 F.2d 293, 299-300 (2d Cir. 1992). Unless there is a "history of misconduct" – which Alberto has not plausibly alleged – it is reasonable for a policymaker "to assume that [his] employees possess common sense." *Id.* at 300.

### b) Alberto fails to allege the personal involvement of ADA O'Doherty and ADA Dee in her arrest

Alberto concedes that her indictment led to the issuance of an arrest warrant that resulted in her arrest by "New York City Police Department officers." Complaint at ¶¶64, 66, 68. As with the District Attorney, the complaint does not contain allegations that ADA O'Doherty or ADA Dee participated in Alberto's arrest. (Notably, ADA O'Doherty and ADA Dee are only named once in the complaint's allegations. *Id.* at ¶53.) Absent any personal involvement by the DA defendants in the effectuation of plaintiff's arrest, plaintiff has no claim against them as it is "well settled in [the Second] Circuit that *personal involvement* of defendant[] in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (emphasis added); *see also Escalera v. Lunn*, 361 F.3d 737, 748-49 (2d Cir. 2004) (personal involvement a prerequisite for federal claim). The same is true under New York State law. *See Du Chateau v. Metro-North Commuter R.R. Co.*, 253 A.D.2d 128, 132-33 (1st Dept. 1999); *see also Wyllie v. District Attorney of County of Kings*, 2 A.D.3d 714, 718 (2d Dept. 2003). Thus, plaintiff's claims based upon his arrest are "fatally defective on [their] face [as they] fail[ ] to allege that [the DA defendants were] directly and personally responsible for the purported unlawful conduct." *Adams v. Galletta*, 966 F. Supp. 210, 212 (S.D.N.Y. 1997

Alberto's claims against ADA O'Doherty and ADA Dee in their individual capacities are barred by absolute immunity. A prosecutor acting in the scope of her duties in initiating and pursuing a prosecution is immune from suit under §1983. *Shmueli v. City of New York*, 424 F.3d 231, 236-238 (2d Cir. 2005). Absolute immunity covers virtually all acts associated with the advocacy function regardless of motivation, *Bernard v. County of Suffolk*, 356 F.3d 495, 504-505 (2d Cir. 2004), including, for example, deciding whether to bring charges, making bail applications and presenting charges to a grand jury. *See, e.g., Giraldo v. Kessler*, 694 F.3d 161, 165, 167 (2d Cir. 2012), *Simon v. City*

*of New York*, 727 F.3d 167, 171 (2d Cir. 2013), *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995), *Taylor v. Kavanagh*, 640 F.2d 450 (2d Cir. 1981).

Alberto alleges that the DA defendants impaired the integrity of the grand jury by giving misleading and improper instructions, not following the rules of evidence, having fewer than sixteen grand jurors or fewer than twelve who heard all of the essential testimony, not having every testifying witness sworn and under oath, having unauthorized persons in the grand jury room and failing to exercise a duty of fair dealing to Alberto. Complaint at ¶53. Alberto also alleges that the court's decision to dismiss was due to a lack of evidence before the grand jury to show that the "elements of burglary and grand larceny had been met" and that the DA defendants lacked probable cause to seek an indictment. *Id.* at ¶¶56-57. Justice Konviser's decision and order (Ex. "B") make absolutely no finding of legal insufficiency in the grand jury evidence against Alberto. Justice Konviser found the only defects in the grand jury proceeding were missing curative instructions for evidence the People elicited that, although "may have been relevant and admissible" required an instruction to the grand jury that the evidence was presented for relevant purposes such as to demonstrate intent or consciousness of guilt. The People were given the remedy of a representation to another grand jury. Therefore Alberto's allegations that the People lacked sufficient evidence in the grand jury or lacked probable cause are simply false and should not be credited. Further, the allegations by Alberto that some witnesses were not under oath and that there were "fewer than sixteen grand jurors or fewer than twelve who heard all of the essential testimony" are speculative, without merit and belie Justice Konviser's review of the grand jury proceedings.

Alberto also alleges that the DA defendants failed to fully investigate the allegations made by Chouman before proceeding to the grand jury. *Id.* at ¶¶54-55. However, a putative victim's allegations alone generally suffice to support probable cause to arrest. *Wiltshire v. Williams*, 576 F. App'x 48, 49 (2d Cir. 2014); *quoting*, *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). The DA

defendants were not required to "explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Id*.; *see also, Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (officer was not required to further investigate a suspect's claim of self-defense before executing an arrest).

        Considering Alberto alleges that by the time the criminal proceedings were initiated, she had moved from New York to Rhode Island and was that unaware of the "prosecutorial proceedings," Complaint at ¶33, defendants were accordingly unable to speak to Alberto regarding Chouman's allegations at that time. Defendant Police Officer Morales' attempts to locate Alberto were unsuccessful as her father communicated to the officers that he had no factual knowledge of her location. *Id.* at ¶34. Although Alberto alleges that the officers' aggressive conduct in "attempting to arrest" her provided her with the reason to avoid them, her unavailability nevertheless denied the officers and the DA defendants the opportunity to get her side of the story before deciding whether or not to proceed to the grand jury. *Id.* at ¶¶35-37. After establishing probable cause, "an officer is not required to continue investigating, sifting and weighing information," *Soto v. City of New York*, 2015 U.S. Dist. LEXIS 125481 at *56, 2015 WL 5569021 (E.D.N.Y. 2015) *quoting, Celestin v. City of New York*, 581 F. Supp. 2d 420, 432 (E.D.N.Y. 2008) (citing Panetta, 460 F.3d at 396-98); *See Weiner v. McKeefery*, 90 F. Supp. 3d 17, 2015 U.S. Dist. LEXIS 32888, 2015 WL 1055890, at *9 (E.D.N.Y. Mar. 11, 2015) (rejecting argument that officer's failure to review tape recording of underlying incident eliminated probable cause where the sworn statements and interview of victim provided "reasonably trustworthy information" of Plaintiff's crime). Although Alberto disputes the truthfulness of Chouman's allegations to the police, she nonetheless confirms Chouman informed the NYPD, Manhattan DA and the grand jury that she stole his money and property—not only from the Manhattan store but from Chouman's other store in New Jersey. See generally Complaint at ¶¶20-27. Not only did Alberto get indicted in New York County, but Chouman's complaint convinced a New

Jersey court to issue a warrant for her arrest for the theft of the New Jersey store. *Id.* at ¶45. The fact that more than one jurisdiction initiated criminal charges against Alberto based on Chouman's claims, reinforces the reasonableness of trusting the information and proceeding to the grand jury against Alberto.

The Second Circuit "has consistently stated that prosecutors are immune from §1983 liability for their conduct before a grand jury." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *see also Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (absolute immunity encompasses "deciding whether to bring charges and presenting a case to a grand jury …"). Absolute immunity encompasses conduct preliminary to the filing of charges. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). As explained by the Second Circuit:

> Not every … act by a prosecutor with the potential of revealing new information is an investigative act entitled to only qualified immunity. Good prosecutors may – usually should – perform acts reasonably characterized as investigative at all phases of a criminal proceeding. The investigative acts that are entitled to only qualified immunity are those undertaken in the phase of law enforcement that involves the gathering and piecing together of evidence for indications of criminal activities and determination of the perpetrators. In contrast, <u>investigative acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution … are shielded by absolute immunity when done by prosecutors</u>.

*Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) (citations omitted) (emphasis added). A prosecutor's assessment of the evidence accumulated by the officers and the decision to pursue charges against Alberto based on that evidence is a prosecutorial function entitled to absolute immunity.

Lack of personal involvement and immunity aside, Alberto fails to state a claim for false arrest or malicious prosecution. Firstly, a warrant predicated on a grand jury indictment bars a false arrest claim, requiring the plaintiff to proceed instead on a theory of malicious prosecution. See *Coakley v. Jaffe*, 72 F. Supp. 2d 362, 364 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000). The existence of probable cause is a complete defense to both claims, and an indictment by a grand jury

creates a presumption of probable cause with respect to a claim for malicious prosecution. *Savino v. City of New York*, 331 F.3d 63, 72, 76 (2d Cir. 2003). Here, the testimony by Chouman in the grand jury that Alberto stole his property from his store clearly created probable cause.

In any event, probable cause is evaluated under an objective standard when a litigant seeks damages under §1983, *see Rizzo v. Edison, Inc.*, 172 Fed. Appx. 391, 393 (2d Cir. 2006), and can be established by reference to <u>any</u> offense, regardless of whether that offense was invoked by the officer at the time of the arrest and regardless of whether the officer subjectively believed that probable cause existed. *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Holeman v. City of New London*, 425 F.3d 184, 190 (2d Cir. 2005) ("Whether probable cause or reasonable suspicion exists is an objective inquiry; the actual motivations of the individual officers involved … play no role in the analysis") (quotation omitted). In a related vein, the existence of a potential defense to a criminal charge does not mean that the arrest or prosecution was without probable cause. *Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 403 (E.D.N.Y. 2011).

Alberto alleges she was denied the opportunity to testify in the grand jury. Complaint at ¶28. The District Attorney is not obligated to inform a person about a grand jury proceeding, unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is the subject of the …proceeding. *See People of the State of New York v. Small,* 2015 NY Slip Op 08457 (11/19/2015 Court of Appeals)("…[T]he notice requirement in CPL 190.50(5)(a) does not apply to a defendant who has not yet been arraigned.") The arrest warrant was issued on September 30, 2014 (Exh. "B") after the grand jury indictment and Alberto was arraigned in criminal court after October 22, 2014. Complaint at ¶41.

**IV.** **Alberto's state law claims against the DA defendants in their individual capacities are insufficiently pled, barred by lack of personal involvement and absolute immunity, and otherwise fail on the merits**

The complaint also raises a state law claim of "loss of enjoyment of life" directed at "the defendants" as a collective without specifying how each defendant supposedly violated the rights invoked. Complaint at ¶¶123-127. Pleadings that group defendants together and fail to differentiate which defendant was involved in the alleged unlawful conduct are insufficient to state a claim. *See, e.g., Gench v. HostGator.com LLC*, 2015 U.S. Dist. LEXIS 78309, at *28 (S.D.N.Y. July 28, 2015), *Ochre LLC v. Rockwell Architecture Planning & Design*, 2012 U.S. Dist. LEXIS 172208, at *17 (S.D.N.Y. Nov. 28, 2012) ("A plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct") (quotation omitted). The same principles of personal involvement and absolute prosecutorial immunity discussed in the context of Alberto's §1983 claims apply to his state law claims. Alberto has not alleged that the DA defendants were personally involved in the arrest, which is fatal to her state law claims of false arrest. *See, e.g., Levantino v. N.Y. State Police*, 56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014), *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 212-213 (E.D.N.Y. 2014). As Alberto's claims for malicious prosecution premised on the DA defendants' alleged role in her prosecution, they are barred by absolute immunity which, "if anything, [is] even broader under New York state law than it is under federal law." *Coakley v. Jaffee*, 49 F. Supp. 2d 615, 617 n11 (S.D.N.Y. 1999), *aff'd*, 235 F.3d 1261 (2d Cir. 2000).[3] And, as discussed, Alberto's state law claims for false arrest and malicious prosecution are also subject to the defense of probable cause, *see, e.g., Manganiello v. City of New York*, 612 F.3d 149, 161-162 (2d Cir. 2010).

---

[3] Under New York law, a prosecutor can claim immunity from civil suit "for official acts performed in the investigation and prosecution of criminal charges." *Rodrigues v. City of New York*, 193 A.D.2d 79, 87 (1st Dept. 1993).

## CONCLUSION

For the above reasons, it is respectfully requested that the Court enter an Order pursuant to Rule 12(b)(6) dismissing the complaint as pled against DANY and the DA defendants, with prejudice.

Dated:       New York, New York
              March 15, 2016

                        CYRUS R. VANCE, JR.
                        District Attorney of New York County, as Special
                        Assistant Corporation Counsel
                        *Attorney for DANY and the DA defendants*
                        One Hogan Place
                        New York, New York 10013
                        (212) 335-9000

                        By:            /s
                            Susan C. Roque
                          Assistant District Attorney