

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: MAY 11 2016

THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHERIE BROWN**
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Fax: (212) 356-3509
chebrown@law.nyc.gov

May 10, 2016

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

SO ORDERED:  5/11/16

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Re:  Christine Alberto v. Michael Morales, et al., 15 Civ. 9449 (AJN)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York and Police Commissioner William Bratton in the above-referenced matter. Because this case is part of the Southern District of New York's Plan for Certain Section 1983 Cases against the City of New York ("Section 1983 Plan"), defendants City and Bratton respectfully request that the Court adjourn, *sine die*, the Initial Conference presently scheduled for May 13, 2016 at 12:15 p.m., until the Plan has run its course. This is defendants City and Bratton's first request for an adjournment of the Initial Conference in this matter. Plaintiff's counsel, Montel Figgins, Esq., consents to this request     *So ordered*

The complaint in the instant action was filed on December 2, 2015, plaintiff is represented by counsel, and the complaint brings claims against the City and members of the police department alleging, *inter alia*, false arrest and malicious prosecution under 42 U.S.C. § 1983. Accordingly, this case falls within the parameters of the Section 1983 Plan, which is now memorialized as Local Civil Rule 83.10. The City was served with a copy of the summons and complaint in this action on December 14, 2015.

Under the terms of the Section 1983 Plan, the parties are to have their Rule 26(f) conference within 14 days after the first defendant files its answer, initial disclosures should be exchanged within 21 days after the first defendant files its answer, and specific documents are to be exchanged between the parties within 28 days after the first defendant files its answer. (See

S.D.N.Y. Local Civ. R. 83.10 §§ 4-5.) All other discovery is stayed, as the parties are then supposed to engage in settlement discussions and either have a settlement conference with a Magistrate Judge or a mediation session with a Southern District mediator. (See S.D.N.Y. Local Civ. R. 83.10 §§ 5-8.)

After the first defendant files its answer, the parties are to confer as to whether or not they believe the case should be exempt from the § 1983 Plan, and any application to exclude this case from the plan should be made within three weeks of the first defendant's answer. (See S.D.N.Y. Local Civ. R. 83.10 § 4.) To date, no party has applied to exempt this case from the Section 1983 Plan. Accordingly, the City respectfully submits that an Initial Conference at this stage is not necessary, as a limited discovery schedule has already been set forth in the Section 1983 Plan, and all other discovery is stayed pending a settlement conference or mediation session. Further, should the mediation or settlement conference be successful, an Initial Conference would not be necessary.

Accordingly, defendants City and Bratton respectfully request that the Court adjourn, *sine die*, the Initial Conference presently scheduled for May 13, 2016 at 12:15 p.m.

Thank you for your consideration in this regard.

Respectfully submitted,

/s/

Cherie Brown
Assistant Corporation Counsel
Special Federal Litigation Division

Cc:   **VIA ECF**
      Montell Figgins, Esq.
      Law Offices of Montell Figgins
      17 Academy St., Suite 305
      Newark, NJ 07102
      Phone: (973) 242-4700
      montellesq@yahoo.com