

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

CHERIE N. BROWN
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Fax: (212) 356-3509
chebrown@law.nyc.gov

August 18, 2016

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Christine Alberto v. Michael Morales, et al.</u>, 15 Civ. 9449 (AJN)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York and Police Commissioner William Bratton in the above-referenced matter. Pursuant to Your Honor's Order dated July 15, 2016, the parties are submitting the following joint letter containing the information required by the Court.

**Statement of the Nature of the Action and Principal Defenses**

    By way of background Plaintiff alleges *inter alia* two separate incidents where she was arrested by members of the New York City Police Department ("NYPD") on October 22, 2014 and November 10, 2014. The arrests arise out of two alleged robberies for which Plaintiff was identified by a complaining witness. Plaintiff claims that the charges were ultimately dismissed in Plaintiff's favor as she could not have factually committed a robbery under the definition of the applicable criminal statutes as she was the named business owner of both businesses that she was alleged to have robbed and the owner of all items and monies belonging to said businesses. There were arrest warrants issued prior to both arrests. Plaintiff brings claims for false arrest, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, abuse of process and loss of enjoyment of life. Plaintiff also brings a claim against the City of New York for municipal liability. Plaintiff is seeking compensatory and punitive damages, an award of costs, interest, and attorney's fees, and such other relief that as the Court deems proper.

It is Plaintiff's position that she is entitled to relief for actions committed by Defendants City of New York, New York City Police (NYPD) Commissioner William J. Bratton, NYPD Officer Michael Morales, and other police officers who are captioned as "John Doe(s)" who have now been identified as Nicholas Estavillo and Conrad Perry. Alberto's alleges that the actions itemized in her Complaint are violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments. Specifically, to be free from unreasonable search and seizure. Despite warrants being issued, Plaintiff contends that law enforcement failed to make further inquiry when a reasonable person would have done so and therefore lacked probable cause to arrest Plaintiff. *Colon v. City of New York*, 60 NY2d 79 (1998); *see also Fausto v. City of City New York*, 17 AD3d 520 (2d Dep't 2005). This shows a lack of probable cause on the part of all arresting officers as further inquiry would have revealed that Plaintiff could not have committed any crime of robbery for the alleged incidents as she was the legal business owner of both entities.  Further, in her Complaint, Plaintiff alleges that Defendants committed numerous excessive and unreasonable acts toward Plaintiff and members of her family outside the scope of instituting an arrest that violated her civil rights.

It is Defendants' position that Plaintiff's federal claims should be dismissed because both arrests, which were made pursuant to lawful warrants, were privileged under New York law. *Andersen v. United States*, No. 98-CV-4782 (ADS), 2001 U.S. Dist. LEXIS 24469, at *33 (E.D.N.Y. July 20, 2001) ("'[a]n arrest is privileged if it is made pursuant to a lawful warrant'"). It is also Defendants' position that Plaintiff's state law claims should also be dismissed because her notice of claim was untimely.

**Jurisdiction and Venue**

Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §1331, this Court has jurisdiction of this action without regard to the amount in controversy.  Venue is proper in that a substantial part of the events giving rise to the claim occurred within this judicial district. See 28 U.S.C. § 1391(b)(2).

**Outstanding Motions and/or Requests to File Motions**

There are no outstanding motions in this case. In the joint status report dated July 14, 2016, the parties requested an initial conference. (Docket No. 46) Defendants indicated that they intended to seek the Court's permission to move for Summary Judgment on all claims in the Complaint and wanted to discuss with the Court, the possibility of doing so before the close of discovery. Limited discovery under the Section 1983 Plan uncovered that all arrests complained of in this Complaint were executed pursuant to valid warrants.

**Brief Description of Discovery that has Already Taken Place and Prior Settlement Discussions**

Pursuant to the Section 1983 Plan Defendants have disclosed the following: 1) arrest records related to Plaintiff's October 22, 2014 and November 10, 2014 arrests; 2) the District Attorney's File and Criminal Court file related to Plaintiff's arrests; 3) Plaintiff's inmate file for her incarceration in October 2014 and November 2014; 4) the Rhode Island Criminal

Court File reflecting Plaintiff's arrest in Rhode Island; 5) Plaintiff's medical records as received by one medical provider; 6) Plaintiff's Notice of Claim and 50-H hearing transcript; and 7) transcripts related to Plaintiff's criminal court appearances on November 10, 2014 and November 24, 2014.

On July 6, 2016 the parties attended a two and one-half hour mediation with the hope that additional information affecting the viability of Plaintiff's claims would be brought to light. Mediation, however, was unsuccessful. Defendants submit that additional discovery would not be helpful to any further settlement negotiations because both arrests complained of in this Complaint were executed pursuant to lawful warrants. Prior to mediation, Defendants wrote to Plaintiff's counsel setting forth an analysis of all claims, encouraging Plaintiff to withdraw the case because there were no viable claims, and requesting additional information that would aid in Defendants' assessment of the case. Defendants did not receive any additional discovery, and therefore it is Defendants' position that there is no additional discovery that would assist the parties in settling this matter.

**Estimated Length of Trial**

Four days.

Thank you for your consideration in this regard.

Respectfully submitted,

\s\

Cherie N. Brown
Assistant Corporation Counsel
Special Federal Litigation Division

Cc: **VIA ECF**
Montell Figgins, Esq.
Law Offices of Montell Figgins
17 Academy St., Suite 305
Newark, NJ 07102
Phone: (973) 242-4700
montellesq@yahoo.com