UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTINE ALBERTO,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of the New York*, MICHAEL MORALES *of the New York City Police Department*, CONRAD PERRY *of the New York City Police Department*

                             Defendants.
------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

15 CV 9449 (AJN)

JURY TRIAL DEMANDED

        Defendant City of New York, (hereinafter referred to as "Defendant"),[1] by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the First Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations in the un-numbered paragraph prior to paragraph "1" of the First Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "1" of the First Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Denies the allegations set forth in paragraph "2" of the First Amended Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, the individuals identified in the Complaint as Detective Nicholas Estavillo, Detective Michael Morales, and Detective Conrad Perry have not been served with the First Amended Complaint, and therefore, are not defendants at this time.

4. Denies the allegations set forth in paragraph "3" of the First Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the First Amended Complaint.

6. Denies the allegations set forth in paragraph "5" of the First Amended Complaint, except admits that in 2014, Michael Morales, Conrad Perry, and Nicholas Estavillo were employed by the City of New York as Detectives. Defendant further admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains a police department known as the New York City Police Department ("NYPD"), and respectfully refers the Court to the New York City Administrative Code and the New York City Charter for a recitation of the NYPD's functions.

7. Denies the allegations set forth in paragraph "6" of the First Amended Complaint, except admits that in 2014, Michael Morales, Conrad Perry, and Nicholas Estavillo were employed by the City of New York as Detectives, and admits that plaintiff purports to proceed as stated therein.

8. Paragraph "7" of the First Amended Complaint contains a demand for a trial by jury to which no response is required.

9. In response to the allegations set forth in paragraph "8" of the First Amended Complaint, Defendant City repeats and realleges the responses set forth in the foregoing paragraphs.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the First Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the First Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the First Amended Complaint.

13. Denies the allegations set forth in paragraph "12" of the First Amended Complaint.

14. Denies the allegations set forth in paragraph "13" of the First Amended Complaint.

15. Denies the allegations set forth in paragraph "14" of the First Amended Complaint.

16. Denies the allegations set forth in paragraph "15" of the First Amended Complaint.

17. Denies the allegations set forth in paragraph "16" of the First Amended Complaint.

18. Denies the allegations set forth in paragraph "17" of the First Amended Complaint.

19. Denies the allegations set forth in paragraph "18" of the First Amended Complaint, except admits that on or about September 30, 2014, a grand jury in the Supreme Court of the State of New York, New York County, issued a True Bill indicting plaintiff for Burglary in the Third Degree (Penal Law § 140.20) and Grand Larceny in the Third Degree (Penal Law § 155.35(1)).

20. Denies the allegations set forth in paragraph "19" of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to the actions of "Chouman."

21. Denies the allegations set forth in paragraph "20" of the First Amended Complaint.

22. Denies the allegations set forth in paragraph "21" of the First Amended Complaint, except admits that on or about September 30, 2014, a grand jury in the Supreme Court of the State of New York, New York County, issued a True Bill indicting plaintiff for Burglary in the Third Degree (Penal Law § 140.20) and Grand Larceny in the Third Degree (Penal Law § 155.35(1)).

23. Denies the allegations set forth in paragraph "22" of the First Amended Complaint, except admits that plaintiff was indicted on charges of Burglary in the Third Degree (Penal Law § 140.20) and Grand Larceny in the Third Degree (Penal Law § 155.35(1)), and respectfully refer the Court to the statutes cited therein for an accurate and complete recitation of their contents.

24. Denies the allegations set forth in paragraph "23" of the First Amended Complaint.

25. Admits that on or about September 30, 2014 plaintiff was indicted on charges of Burglary in the Third Degree (Penal Law § 140.20) and Grand Larceny in the Third Degree (Penal Law § 155.35(1)), and on or about September 30, 2014, a Justice of the Supreme Court of the State of New York issued a warrant of arrest for plaintiff.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the First Amended Complaint.

27. Denies the allegations set forth in paragraph "26" of the First Amended Complaint.

28. Denies the allegations set forth in paragraph "27" of the First Amended Complaint.

29. Denies the allegations set forth in paragraph "28" of the First Amended Complaint, and further states that the allegations set forth therein regarding "acting under color of law," are conclusions of law to which no response is required.

30. Denies the allegations set forth in paragraph "29" of the First Amended Complaint.

31. Denies the allegations set forth in paragraph "30" of the First Amended Complaint.

32. Denies the allegations set forth in paragraph "31" of the First Amended Complaint, and further states that the allegations set forth therein regarding "acting under color of law," are conclusions of law to which no response is required.

33. Denies the allegations set forth in paragraph "32" of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth concerning plaintiff's conversations with her attorney.

34. Denies the allegations set forth in paragraph "33" of the First Amended Complaint, except admits that on or about October 14, 2014, plaintiff was arrested in Rhode Island for fleeing from justice in the State of New York after being charged with committing Burglary on or about June 13, 2014.

35. Denies the allegations set forth in paragraph "34" of the First Amended Complaint, except admits that on or about October 14, 2014, plaintiff was arrested in Rhode

Island for fleeing from justice in the State of New York after being charged with committing Burglary on or about June 13, 2014, and that plaintiff was released from jail in Rhode Island on bail, on or about October 16, 2014.

36. Denies the allegations set forth in paragraph "35" of the First Amended Complaint, except admits that on or about October 22, 2014, plaintiff surrendered herself to the NYPD and was arrested pursuant to Supreme Court Indictment No. 3944/2014, on charges of Burglary in the Third Degree.

37. Denies the allegations set forth in paragraph "36" of the First Amended Complaint, except admits that on or about October 22, 2014, plaintiff was arrested pursuant to Supreme Court Indictment No. 3944/2014, on charges of Burglary in the Third Degree, was incarcerated at Rikers Island on or about October 22, 2014, and was released on bail on or about October 31, 2014.

38. Denies the allegations set forth in paragraph "37" of the First Amended Complaint.

39. Denies the allegations set forth in paragraph "38" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the allegations set forth therein regarding plaintiff's mother.

40. Denies the allegations set forth in paragraph "39" of the First Amended Complaint, except admits that plaintiff was released on bail on or about October 31, 2014.

41. Denies the allegations set forth in paragraph "40" of the First Amended Complaint, except admits that on or about June 16, 2014, Hudson County Sherriff's Office, Jersey City Municipal Court, issued a warrant for Plaintiff's arrest.

- 7 -

42. Denies the allegations set forth in paragraph "41" of the First Amended Complaint.

43. Denies the allegations set forth in paragraph "42" of the First Amended Complaint, except admits that on or about November 10, 2014, plaintiff was arrested pursuant to a New Jersey Felony Burglary Warrant on charges of violating extradition procedure and being a fugitive in another state.

44. Denies the allegations set forth in paragraph "43" of the First Amended Complaint.

45. Denies the allegations set forth in paragraph "44" of the First Amended Complaint, except admits that on or about November 10, 2014, plaintiff was arraigned before the Honorable Denise Dominguez of the Criminal Court of the City of New York, County of New York, and was remanded, and the matter was adjourned to November 24, 2014, for plaintiff to be picked up by New Jersey officials.

46. Denies the allegations set forth in paragraph "45" of the First Amended Complaint, except admits that Plaintiff was remanded from November 10, 2014 through November 24, 2014, by Order of the Honorable Denise Dominguez of the Criminal Court of the City of New York, County of New York.

47. Denies the allegations set forth in paragraph "46" of the First Amended Complaint.

48. Denies the allegations set forth in paragraph "47" of the First Amended Complaint, except admits that the criminal charges pertaining to to plaintiff's arrest on or about October 22, 2014, were dismissed by the Honorable Jill Konviser, on or about June 8, 2015.

- 8 -

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the First Amended Complaint.

50. Denies the allegations set forth in paragraph "49" of the First Amended Complaint.

51. Denies the allegations set forth in paragraph "50" of the First Amended Complaint.

52. In response to the allegations set forth in paragraph "51" of the First Amended Complaint, Defendant City repeats and realleges the responses set forth in the foregoing paragraphs.

53. Denies the allegations set forth in paragraph "52" of the First Amended Complaint.

54. Denies the allegations set forth in paragraph "53" of the First Amended Complaint.

55. Denies the allegations set forth in paragraph "54" of the First Amended Complaint.

56. Denies the allegations set forth in paragraph "55" of the First Amended Complaint.

57. Denies the allegations set forth in paragraph "56" of the First Amended Complaint.

58. Denies the allegations set forth in paragraph "57" of the First Amended Complaint.

59. Denies the allegations set forth in paragraph "58" of the First Amended Complaint.

60. Denies the allegations set forth in paragraph "59" of the First Amended Complaint.

61. Denies the allegations set forth in paragraph "60" of the First Amended Complaint.

62. Denies the allegations set forth in paragraph "61" of the First Amended Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the First Amended Complaint.

64. Denies the allegations set forth in paragraph "63" of the First Amended Complaint and each of its subparts.

65. Denies the allegations set forth in paragraph "64" of the First Amended Complaint.

66. In response to the allegations set forth in paragraph "65" of the First Amended Complaint, Defendant City repeats and realleges the responses set forth in the foregoing paragraphs.

67. Denies the allegations set forth in paragraph "66" of the First Amended Complaint.

68. Denies the allegations set forth in paragraph "67" of the First Amended Complaint, and each of its subparts.

69. Denies the allegations set forth in paragraph "68" of the First Amended Complaint.

70. Denies the allegations set forth in paragraph "69" of the First Amended Complaint.

71. In response to the allegations set forth in paragraph "70" of the First Amended Complaint, Defendant City repeats and realleges the responses set forth in the foregoing paragraphs.

72. Denies the allegations set forth in paragraph "71" of the First Amended Complaint, except admits that on or about November 10, 2014, plaintiff was arrested pursuant to New Jersey Felony Burglary Warrant on charges of violating extradition procedure and being a fugitive in another state, plaintiff was arraigned before the Honorable Denise Dominguez of the Criminal Court of the City of New York, County of New York, was remanded, and that the matter was adjourned to November 24, 2014, for plaintiff to be picked up by New Jersey officials.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the First Amended Complaint.

74. Denies the allegations set forth in paragraph "73" of the First Amended Complaint.

75. Denies the allegations set forth in paragraph "74" of the First Amended Complaint, and each of its subparts.

76. Denies the allegations set forth in paragraph "75" of the First Amended Complaint.

77. In response to the allegations set forth in paragraph "76" of the First Amended Complaint, Defendant City repeats and realleges the responses set forth in the foregoing paragraphs.

78. Paragraph "77" of the First Amended Complaint sets forth legal conclusions of law to which no response is required.

79. Denies the allegations set forth in paragraph "78" of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's citizenship within the United States.

80. Denies the allegations set forth in paragraph "79" of the First Amended Complaint.

81. Denies the allegations set forth in paragraph "80" of the First Amended Complaint.

82. Denies the allegations set forth in paragraph "81" of the First Amended Complaint.

83. Denies the allegations set forth in paragraph "82" of the First Amended Complaint.

84. Denies the allegations set forth in paragraph "83" of the First Amended Complaint.

85. Denies the allegations set forth in paragraph "84" of the First Amended Complaint.

86. Denies the allegations set forth in paragraph "85" of the First Amended Complaint.

87. Denies the allegations set forth in paragraph "86" of the First Amended Complaint.

88. Denies the allegations set forth in paragraph "87" of the First Amended Complaint.

89. Denies the allegations set forth in paragraph "88" of the First Amended Complaint, except state that the allegations that plaintiff had the "right to be free from harassment…" are legal conclusions to which no response is required.

90. Denies the allegations set forth in paragraph "89" of the First Amended Complaint.

91. Denies the allegations set forth in paragraph "90" of the First Amended Complaint.

92. Denies the allegations set forth in paragraph "91" of the First Amended Complaint.

93. Denies the allegations set forth in paragraph "92" of the First Amended Complaint.

94. Denies the allegations set forth in paragraph "93" of the First Amended Complaint.

95. Denies the allegations set forth in paragraph "94" of the First Amended Complaint.

96. Denies the allegations set forth in paragraph "95" of the First Amended Complaint.

97. Denies the allegations set forth in paragraph "96" of the First Amended Complaint.

98. Denies the allegations set forth in paragraph "97" of the First Amended Complaint.

99. Denies the allegations set forth in paragraph "98" of the First Amended Complaint.

100. Denies the allegations set forth in paragraph "99" of the First Amended Complaint.

101. Denies the allegations set forth in paragraph "100" of the First Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

102. Denies the allegations set forth in paragraph "101" of the First Amended Complaint.

103. No response is required to the section of the First Amended Complaint entitled "Prayer for Relief," and each of its subparts, as it is not an averment of fact.

104. State that the section of the First Amended Complaint entitled "Plaintiff Requests a Trial by Jury" on page 20 contains a demand for a trial by jury to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

105. The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

106. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

107. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the intervening culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of any of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

108.	Plaintiff cannot obtain punitive damages as against The City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

109.	At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal Defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  As a result, Defendant City is entitled to governmental immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

110.	To the extent plaintiff alleges State law claims, said claims may be barred in whole or in part for failure to comply with N.Y. GEN. MUN. LAW §§ 50-e, 50-h, and 50-i.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

111.	There was reasonable suspicion and/or probable cause for any entry, stop, search, or seizure.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

112.	Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

113.	Plaintiff may have failed to mitigate her damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

114.	To the extent plaintiff alleges claims under State law, said claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 19, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City of New York
        100 Church Street
        New York, New York 10007
        (212) 356-5054

        By: \s\

        CHERIE N. BROWN
        Assistant Corporation Counsel
        Special Federal Litigation Division

To: Montell Figgins, Esq. (*Attorney for Plaintiff via ECF*)