

ZACHARY W. CARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CHERIE N. BROWN
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Fax: (212) 356-3509
chebrown@law.nyc.gov

January 11, 2017

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Christine Alberto v. Michael Morales, et al.</u>, 15 Civ. 9449 (AJN)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Pursuant to Your Honor's Order dated January 5, 2017, the parties respectfully submit this joint letter and the enclosed proposed case management plan.

**Statement of the Nature of the Action and Principal Defenses**

      By way of background, Plaintiff alleges *inter alia* two separate incidents where she was arrested by members of the New York City Police Department ("NYPD") on October 22, 2014 and November 10, 2014. The arrests arise out of two alleged robberies for which a complaining witness identified Plaintiff. There were arrest warrants issued prior to both arrests. Plaintiff alleges that the Defendant the City of New York, through its police department and its officers, maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of Plaintiff. Plaintiff brings federal claims for false arrest, harassment and misconduct. Plaintiff also brings a claim against the City of New York for municipal liability.

    A.  **Plaintiff's Position**

      It is Plaintiff's position that she is entitled to relief for actions committed by Defendants City of New York, NYPD Officer Michael Morales, NYPD Officer Nicholas Estavillo, and NYPD Officer Conrad Perry. Plaintiff alleges that the actions itemized in her

Complaint are violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments. Specifically, to be free from unreasonable search and seizure. Plaintiff argues that Defendants encouraged individual law enforcement agents to illegally initiate arrests outside of their jurisdiction through intimidation, coercion, harassment, and threats. Further, Plaintiff alleges that Defendants committed numerous excessive and unreasonable acts toward Plaintiff and members of her family outside the scope of instituting an arrest that violated her civil rights, including making threats, coercion, and intimidation.

Plaintiff maintains that Defendants are not entitled to summary judgment because there are questions of material fact as to whether Defendants maintained a policy that directed its officers to bypass proper procedures in outside jurisdictions to initiate arrests by way of coercion and intimidation.

### B. Defendant's Position

Defendant contends that Plaintiff's federal claims should be dismissed as a matter of law because both arrests, which were made pursuant to lawful warrants, were privileged under New York law. *Andersen v. United States*, 98-CV-4782 (ADS), 2001 U.S. Dist. LEXIS 24469, at *33 (E.D.N.Y. July 20, 2001) ("'[a]n arrest is privileged if it is made pursuant to a lawful warrant'"). Moreover, to the extent plaintiff is alleging any state law claims, it is Defendant's position that any state law claims are time-barred.

### Jurisdiction and Venue

Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §1331, this Court has jurisdiction of this action without regard to the amount in controversy. Venue is proper in that a substantial part of the events giving rise to the claim occurred within this judicial district. See 28 U.S.C. § 1391(b)(2).

### Outstanding Motions and/or Requests to File Motions

There are no outstanding motions in this case. In the joint status report dated July 14, 2016, the parties requested an initial conference. (Docket No. 46) Defendants indicated that they intended to seek the Court's permission to move for Summary Judgment on all claims in the Complaint and wanted to discuss with the Court, the possibility of doing so before the close of discovery. Limited discovery under the Section 1983 Plan uncovered that all arrests complained of in this Complaint were executed pursuant to valid arrest warrants. Although an amended complaint has been filed, defendant still contends that summary judgment is warranted in this case for the foregoing reasons.

### Brief Description of Discovery that has Already Taken Place and Prior Settlement Discussions

Pursuant to the Section 1983 Plan, Defendant has disclosed the following: 1) arrest records related to Plaintiff's October 22, 2014 and November 10, 2014 arrests; 2) District Attorney documents and Criminal Court documents related to both of Plaintiff's arrests; 3)

- 3 -

Plaintiff's inmate file for her incarceration in both October 2014 and November 2014; 4) the Rhode Island Criminal Court File reflecting Plaintiff's arrest in Rhode Island; 5) Plaintiff's medical records from Dr. Manoj Garg; 6) Plaintiff's Notice of Claim and 50-H hearing transcript; and 7) transcripts of proceedings from Plaintiff's criminal court appearances on November 10, 2014 and November 24, 2014. Given the procedural history of this case, the parties have not served document requests and interrogatories and have not taken depositions.

On July 6, 2016, the parties attended a two-and-one-half-hour mediation with the hope that additional information affecting the viability of Plaintiff's claims would be brought to light. Mediation, however, was unsuccessful. Prior to mediation, Defendant wrote to Plaintiff's counsel setting forth an analysis of plaintiff's purported claims, encouraging Plaintiff to withdraw this case, and requesting additional information that would aid in Defendant's assessment of the case. Defendant did not receive any additional discovery from plaintiff.

At the initial conference, Plaintiff requested leave to file an amended complaint. Defendant opposed the proposed amendment of the pleadings, however, Plaintiff was granted leave to file an amended complaint. (Doc. No. 52) Plaintiff filed an amended complaint on November 3, 2016. While it is still Defendant's position that arrests complained of were privileged, and, at the very least any named individual officer would be entitled to qualified immunity, Defendant filed an Answer to the Amended Complaint on December 19, 2016.

**Estimated Length of Trial**

Four days.

Thank you for your consideration herein.

Respectfully submitted,

/s

Cherie N. Brown
Assistant Corporation Counsel
Special Federal Litigation Division


Cc:  **VIA ECF**
Montell Figgins, Esq.
Law Offices of Montell Figgins
17 Academy St., Suite 305
Newark, NJ 07102
Phone: (973) 242-4700
montellesq@yahoo.com