

**ZACHARY W. CARTER**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHERIE N. BROWN**
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Fax: (212) 356-3509
chebrown@law.nyc.gov

July 6, 2017

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Christine Alberto v. Michael Morales, et al.</u>, 15 CV 9449 (AJN)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and I am assigned to represent defendants City of New York, Detective Michael Morales, and Detective Conrad Perry (hereinafter "Defendants") in the above-referenced matter.[1] I write on behalf of Defendants to respectfully request that the Court (1) compel plaintiff to provide responses by July 10, 2017, to Defendants' First Set of Interrogatories and Request for Production of Documents, which were served on plaintiff on February 27, 2017; and (2) compel Plaintiff to appear for her deposition on a date certain.

      By way of background, Plaintiff alleges, *inter alia*, that she was falsely arrested by members of the New York City Police Department ("NYPD") on October 22, 2014 and November 10, 2014, on robbery charges, after she was identified as the perpetrator by a complaining witness and warrants were issued for her arrest. (Doc. No. 61). Plaintiff also brings a claim against the City of New York for municipal liability. (Doc. No. 61).

      This action was filed on December 2, 2015, and in light of the allegations, was governed by Local Civil Rule 83.10 (formerly the Plan for Certain § 1983 Cases Against the City of New York) (hereinafter "Section 1983 Plan"). Pursuant to the Section 1983 Plan, the parties

---

[1] Upon information and belief, the individual identified in the caption as "Nicholas Estavillo" has not been served with the First Amended Complaint, and therefore is not a party to this action.

exchanged limited discovery and attended mediation. Mediation was unsuccessful, and, accordingly, the parties requested an initial conference. (Doc. No. 46). The parties appeared for an initial conference on September 23, 2016, and plaintiff was granted leave to amend the Complaint. (Doc. No. 52). Plaintiff filed an Amended Complaint on November 3, 2016. (Doc. No. 61). On December 19, 2016, Defendant City of New York filed an Answer to the First Amended Complaint. (Doc. No. 67). On March 3, 2017, Defendants Morales and Perry filed an Answer to the First Amended Complaint. (Doc. No. 71).

On February 27, 2017, Defendants served on plaintiff, Defendants' First Set of Document Requests and Interrogatories, and a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30. *See* Letter from Cherie Brown, dated February 27, 2017, annexed hereto as "Exhibit A." On April 5, 2017, Defendants sent plaintiff a letter regarding plaintiff's failure to respond to Defendant's First Set of Document Requests and Interrogatories and plaintiff's deposition. *See* Letter from Cherie Brown, dated April 5, 2017, annexed hereto as "Exhibit B." The parties met and conferred regarding same, and Defendants consented to an extension of fact discovery with the understanding that plaintiff would provide responses to Defendants' First Set of Document Requests and Interrogatories and appear for her deposition. Accordingly, on May 11, 2017, Plaintiff requested a 60-day extension of discovery to and including July 11, 2017, to allow additional time for the parties to respond to any outstanding discovery demands, and for plaintiff to appear for her deposition. (Doc. No. 72). On May 12, 2017, Plaintiff's request was granted and the Court indicated that no further extensions of discovery would be granted. (Doc. No. 73). On May 30, 2017, Defendants inquired whether Plaintiff was available on June 20, 2017, June 22, 2017 or June 23, 2017 for her deposition, and requested plaintiff provide responses to Defendants' First Set of Document Requests and Interrogatories. *See* E-mail from Cherie Brown dated May 30, 2017, annexed hereto as "Exhibit C." To date, plaintiff has not responded to Defendants' May 30, 2017 e-mail, has not appeared for her deposition, and has not responded to Defendants' First Set of Document Requests and Interrogatories.

Defendants sincerely apologize for this belated request, however, it was the undersigned's hope that the parties would have been able to resolve the above-outlined issues without judicial intervention. Defendants respectfully submit that upon taking plaintiff's deposition, Defendants will be prepared to move for summary judgment.

In light of the above, Defendants respectfully request that the Court (1) compel plaintiff to provide responses by July 10, 2017, to Defendants' First Set of Interrogatories and Requests for Production of Documents which were served on plaintiff on February 27, 2017;[2] and (2) compel Plaintiff to appear for her deposition on a date certain. As of this writing, the undersigned is available to take plaintiff's deposition on any of the following dates: July 11, July 24, or July 25, 2017. In the alternative, Defendants request permission to move pursuant to Rule 41 for failure to prosecute.

---

[2] Defendants respectfully contend that any objections to their demands have been waived. *See* Fed. R. Civ. P. 33(b)(4).

Thank you for your consideration in this regard.

                                                Respectfully submitted,

                                                \s\

                                                Cherie N. Brown
                                                Assistant Corporation Counsel
                                                Special Federal Litigation Division

Cc: **VIA ECF**
      Montell Figgins, Esq.
      *Attorney for plaintiff*