The Law Offices of

# MONTELL FIGGINS, LLC

17 Academy Street, Suite 305
Newark, New Jersey 07102
Phone: (973) 242-4700
Fax: (973) 242-4701
www.figginslaw.com

*BRANCH OFFICES:*

| | | |
|---|---|---|
| 51 John F. Kennedy Parkway<br>Short Hills, NJ 07078 | 30 Wall Street, 8th Floor<br>New York, NY 10005 | 20 Banta Place, Suite 203<br>Hackensack, NJ 07601 |

**Reply to Newark Office [X]**

<u>OF COUNSEL</u>
Erlina Perez, Esq.

<u>ASSOCIATES</u>
Kenneth E. Brown, Esq.
Sterling Santamaria, Esq.
Hieu Scott Le

July 12, 2017

**VIA ECF**
Hon. Gabriel W. Gorenstein

> Re:   **Alberto v. Morales et al.**
>        Docket No.: 1:15-cv-09449-AJN-GWG

Dear Your Honor,

Please be advised that our office represents Plaintiff Christine Alberto in the above docket number. This letter is a responsive letter to Defendants' Motion to Compel Discovery.

Plaintiff does not believe that a telephone conference is necessary for the matter. Since the motion to compel was filed, Plaintiff has complied with Defendant's discovery requests. All requests for discovery has been answered, and we are willing to work out a time for all depositions to take place. Please see attached exhibits.

Exhibit A is a true and correct copy of Defendants' Set of Interrogatories and Request for Production of Documents.

Exhibit B is a true and correct notarized copies of all authorization forms, including medical records and employment forms, signed by Plaintiff.

Exhibit C is a true and correct notarized copy of Plaintiff's deposition notice to Defendants.

Best regards,
   /s/Montell Figgins
Montell Figgins, Esq.
Law Offices of Montell Figgins
17 Academy St., Suite 305
Newark, NJ 07102

# EXHIBIT A

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, the deponent is required to produce at her deposition all the documents identified in "Exhibit A" attached hereto.

Dated: New York, New York
      February 27, 2017

               ZACHARY W. CARTER
               Corporation Counsel of the
                City of New York
               *Attorney for Defendant City of New York*
               I 00 Church Street, Third Floor
               New York, New York 10007
               (212) 3     4

By:             Cherie N. Brown
             *Assistant Corporation Counsel*

To:    VIA FIRST CLASS MAIL AND EMAIL
       Montell Figgins, Esq.
       Law Offices of Montell Figgins
       17 Academy St., Suite 305
       Newark, NJ 07102
       figginslawoffice@gmail.com
       *(Attorney for Plaintiff)*

## <u>EXHIBIT A</u>

Pursuant to the Federal Rules of Civil Procedure, the deponent is required to produce upon his deposition all of the following   documents:

1.   any and all documents prepared by plaintiff relating to the incidents;

2.   any and all documents identifying any person who witnessed, was present at, or has knowledge of the alleged incidents;

3.   any and all documents enumerating the expenses incurred by plaintiff as a result of the incidents, including but not limited to, expenditures for medical costs, lost income, attorneys' fees, and any other item of damages that plaintiff claims in this action;

4.   all medical records for treatment received by plaintiff since the incidents, and for the five years prior to the incidents, including but not limited to, any medical, psychiatric or psychological treatment rendered as a result of the alleged incidents; and

5.   if claiming lost income, plaintiff s federal and state tax returns since the incidents and for the five years prior to the incidents.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
— ——————————————— ——————   —————————--x

CHRISTINE ALBERTO,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, NICHOLAS
ESTAVILLO *of the New York City Police
Department*, MICHAEL MORALES *of the New York
City Police Department*, CONRAD PERRY *of the
New York City Police Department*,

                            Defendants.
------------------------------------------------------------------   X

**DEFENDANT CITY'S FIRST
SET OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS TO PLAINTIFF**

15 CV 9449 (AJN)

       Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendant City of New York hereby requests that plaintiff serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Zachary W. Carter, Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, within thirty (30) days after service hereof.

       These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, plaintiff obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiff shall, within seven days, and in no event later than seven days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

## INSTRUCTIONS

1.    If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.    If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions m Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2.    As used herein, the term "Incident" refers to the events described in the complaint.

## INTERROGATORIES

1.    Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

Damerkys Alberto
5 Edgewood Ave.
Cumberland, Rhode Island 02864
(401) 365-9461

**Ms. Damerkys Alberto personally witnessed Ms. Christine Alberto's false imprisonment.**

Crystal Alberto
5 Edgewood Ave.
Cumberland, Rhode Island 02864
(401) 617-8858

8

**Ms. Crystal Alberto has personal knowledge of the medical conditions Ms. Christine Alberto has suffered due to the events listed in the Complaint.**

Jonathan Castillo
205 Manton Ave.
Providence, Rhode Island 02909
(401) 654-7032

**Mr. Jonathan Castillo has personal knowledge of the medical conditions Ms. Christine Alberto has suffered due to the events listed in the Complaint.**

Anna Rodriguez
8 Grant Ave.
Lincoln, Rhode Island 02865
(401) 917-9872

**Ms. Alberto's aunt who personally observed the actions of the Defendants in Rhode Island.**

Luis Rodriguez
8 Grant Ave.
Lincoln, Rhode Island 02865
(401) 917-9872

**Ms. Alberto's uncle who has personal knowledge of the events alleged in the Complaint.**

Jalibel Martinez
8 Grant Ave.
Lincoln, Rhode Island 02865
(401) 917-9872

**Ms. Alberto's cousin who was harassed by Defendants and has personal knowledge of the events alleged in the Complaint.**

Astry Martinez
8 Grant Ave.
Lincoln, Rhode Island 02865
(401) 917-9872

**Ms. Alberto's cousin who was harassed by Defendants and has personal knowledge of the events alleged in the Complaint.**

Pomas Alberto
178 Avenue D, Apt. 5H
New York, New York 10009
(347) 303-9722

**Ms. Alberto's father who was harassed by Defendants at his residence.**

William Divine
536 Atwells Avenue

Providence, Rhode Island 02909
(401) 454-1212

**Rhode Island attorney who assisted Ms. Alberto in Rhode Island during the events that took place in Rhode Island alleged in the Complaint. Has personal knowledge of Defendants' actions that took place in Rhode Island.**

Maria Alberto
178 Avenue D, Apt. 5H
New York, New York 10009
(347) 938-8904

**Ms. Alberto's stepmother who was harassed by Defendant police officers and threatened to be deported with children as alleged in the Complaint.**

Lisa Mota
138 Thurbers Avenue
Providence, Rhode Island 02909
401-999-4045

**Ms. Alberto's co-worker and friend who has observed Ms. Alberto's changed behavior due to the alleged events.**

Naiommi Baret
139 Metropolitan Avenue
Providence, Rhode Island
(401) 225-0035

**Ms. Alberto's friend who has observed Ms. Alberto's psychological trauma as alleged in the Complaint including paranoia and debilitating fear.**

Lance Fletcher
225 Broadway, Suite 2700
New York, New York 10007
(212) 619-3900

**Ms. Alberto's former attorney who personally observed the actions of Defendants on November 10 as alleged Complaint.**

2.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and requests information that was already furnished to the Defendants' sent documents.**

3.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by the City of New York, or its agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and requests information that was already furnished to the Defendants' sent documents.**

11

4.    Identify all injuries claimed by plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and requests information that was already furnished to the Defendants in the Plaintiff's complaint.**

5.    Identify all economic injuries claimed by plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Identify the specific amounts claimed for each injury.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and requests information that was already furnished to the Defendants in the Plaintiff's complaint.**

6.    Identify all of plaintiff s employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

**CVS Health**
**CVS Drive**
**Woonsocket, RI**
**Employment start: March, 2017 to present**

**280 LLC**
**250 Plainfield St.**
**Providence, RI 02909**
**Employment start: January, 2016 to present**

**Family Services of Rhode Island**
**134 Thurbers Ave.**
**Providence, RI  02908**
**Employment start: July, 2016**
**Employment end: December, 2016**

**Metro PCS**
**3834 Broadway**

New York, NY 10032
Owner from June, 2011 to June, 2014

**Valley Affordable Housing**
**334 Mendon Rd.**
**Cumberland, RI 02864**
**Employment start: June, 2010 to January, 2011.**


7.      Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years.

**Dr. Manoj Garg**
**1445 Wampanoag Trail**
**East Providence, Rhode Island 02915**
**(401) 475-4588**

**Dr. Garg is Ms. Alberto's physician who has observed and treated Ms. Alberto for the medical conditions she has suffered due to the events listed in the Complaint.**

**Eliseo Nogueras**
**38 Park St.**
**Pawtucket, RI 02860**

**Provides Ms. Alberto psychological therapy due to the injury she sustained from the alleged events.**

**Kellie Nason**
**1006 Charles St.**
**North Providence, RI 02904**

**Dr. Nason is Ms. Alberto's psychotherapist.**


8.      Has plaintiff applied for worker's compensation within the past ten (10) years? If so, identify each employer who provided worker's compensation to plaintiff.

**Plaintiff has not applied for any worker's compensation within the past ten (10) years.**

9.      Has plaintiff applied for social security disability benefits within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiff.

**Plaintiff has not applied for any social security disability benefits within the past ten (10) years.**

      10.    Has plaintiff applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city or other jurisdiction that provided Medicare and/or Medicaid to plaintiff.

**Plaintiff applied for Medicaid in Rhode Island in 2015. Plaintiff answers that she made no other aplication for Medicaid or Medicare prior to 2015.**

11.    Has plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten (10) years?  If so, identify each claim by date, injury and insurance earner.

**Plaintiff objects to this interrogatory because it is overly broad and unduly burdensome. Plaintiff answers that she never made claims with any insurance carriers outside of the events leading to the Incident. Plaintiff answers that she paid for any medical or psychiatric treatment out-of-pocket.**

12.    Identify all government agencies to whom plaintiff made complaints regarding the Incident including, but not limited to, the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau ("IAB") of the New York City Police Department.

**Plaintiff has never made complaints regarding the Incident to the Civilian Complaint Review Board or to the Internal Affairs Bureau.**

13.    Identify each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiff was arrested, and the amount of time that plaintiff spent incarcerated.

**Plaintiff was never arrested outside of the events of the Incident.**

14.    Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and requests information that was already furnished to the Defendants in the Plaintiff's complaint. Plaintiff will answer that she has never been convicted of a felony or misdemeanor.**

15.    Identify each lawsuit to which plaintiff has been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

**Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and**

requests information that was already furnished to the Defendants in the Plaintiff's complaint.

Plaintiff will answer that she has never been a party to a lawsuit outside of this current one.

16.   Identify each occasion on which plaintiff has given testimony or statements regarding the subject of this lawsuit.

Plaintiff has not given testimony or statements regarding the subject of this lawsuit outside of testimony from the previous criminal action. Please see Plaintiff's testimony from December 14, 2015 50-H Hearing identified as DEF 553-DEF 613.

17.   Identify all treating physicians and other medical providers that plaintiff intends to call at the time of trial.

> **Dr. Manoj Garg**
> **1445 Wampanoag Trail**
> **East Providence, Rhode Island 02915**
> **(401) 475-4588**

**Dr. Garg is Ms. Alberto's physician who has observed and treated Ms. Alberto for the medical conditions she has suffered due to the events listed in the Complaint.**

> **Eliseo Nogueras**
> **38 Park St.**
> **Pawtucket, RI 02860**

**Provides Ms. Alberto psychological therapy due to the injury she sustained from the alleged events.**

> **Kellie Nason**
> **1006 Charles St.**
> **North Providence, RI 02904**

**Dr. Nason is Ms. Alberto's psychotherapist.**

18.   Identify all experts that plaintiff expects to call at the time of trial, all correspondence between counsel for plaintiff and any such experts, any notes taken by any such experts and provide all disclosures required pursuant to Federal Rule 26(a)(2).

**Please see Plaintiff's Rule 26 A Disclosures 2 naming:**

> **Dr. Manoj Garg**
> **1445 Wampanoag Trail**
> **East Providence, Rhode Island 02915**
> **(401) 475-4588**

Eliseo Nogueras
38 Park St.
Pawtucket, RI 02860

Kellie Nason
1006 Charles St.
North Providence, RI 02904

19.    Identify all documents prepared by plaintiff, or any other person, that relate to the Incident, claims and subject matter of this litigation.

**All material and documents relating to the incidents, claims, and subject matter of this litigation was provided by Defendants. See DEF 65-a, DEF 461-87, and DEF 488-544.**

20.    Identify all Freedom of Information Law requests and any responses thereto, made by plaintiff or by anyone on plaintiff s behalf, concerning plaintiff s claims in this litigation.

**No Freedom of Information Law requests and any responses thereto have been made in this matter.**

## DOCUMENT REQUESTS

1.    Produce all the documents identified in the preceding Interrogatories.

2.    Produce all documents regarding the Incident, including documents concerning plaintiff s arrest and criminal prosecution (if any), the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the Incident that are in plaintiff s possession, custody or control.

**See all Defendant provided documents, including: DEF 1- 613, and PL. 1-2.**

3.    Produce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers, and other counseling services, in plaintiff s possession, custody, or control for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.

**Will provide records when received. Still awaiting records. See Medical Authorizations signed and notarized from Plaintiff.**

4.      Produce all photographs and other audio-visual materials documenting the Incident, the scene of the Incident, and all injuries that resulted from the Incident, including injuries to person and property. Defendants request exact duplicates of the original photographs and audio-visual materials.

**See all Defendant provided documents, including: DEF 1- 613, and PL. 1-2.**

5.      Produce all documentation of damages that plaintiff alleges stem from the Incident, including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Documentation includes, but is not

limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.

**Plaintiff objects to this request as overly broad, unduly burdensome, and unintelligible.  Plaintiff reserves the right to supplement this demand within the time permitted by the Court Rules.**

6.    Produce copies of all subpoenas served on any party, or any individual or entity, concerning this litigation.

**No subponeas were served on any party or individual or entity concerning this litigation.**

7.    Produce all documents received in response to any subpoenas served.

**See answer to Document Request 6.**

8.    Produce all documents that relate to all complaints made by plaintiff to any government agency regarding the incident including, but not limited to, the CCRB and IAB of the New York City Police Department.

**No complaints were made by plaintiff to any government agency.**

9.    If the plaintiff is claiming lost income in this action, produce plaintiff s federal and state income tax returns since the Incident and for the five years prior to the Incident.

**Plaintiff objects to this demand on the ground that it is overly broad, unduly burdensome.**

10.    Produce: (a) all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports     or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiff s counsel, or anyone acting for or on behalf of plaintiff or plaintiff s counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff s counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff s counsel, the incident alleged in the complaint, this lawsuit, the

20

expert's expected testimony or the expert's retention by plaintiff s counsel in this action.

**Plaintiff objects to this demand on the ground that it is overly broad, unduly burdensome. See attached 26A Disclosures and Interrogatory Answers for Request 10(a).**

11.    Complete and provide the annexed blank authorizations for release of plaintiff s medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment  received

6

by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.[1]

**See provided authorization.**

12.    Complete and provide the annexed blank authorization for access to plaintiff s records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. Note that the authorization for access to plaintiff s records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

**See provided authorization.**

13.    Complete and provide the annexed blank authorizations for release of employment records for each of plaintiff s employers for the past ten (10) years.[2]

**See provided authorization.**

14.    Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiff.

**See provided authorization.**

15.    Complete and provide the annexed blank authorizations for msurance carriers with whom plaintiff has made claims within the past ten (10) years.[3]

**See provided authorization.**

16.    Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by plaintiff.[4]

**See provided authorization.**

[1] The enclosed releases are believed to be HIPAA-compliant. Please note that HHC hospitals require a particular release, a copy of which is enclosed. A separate release m ust be provided for each provider. Kindly photocopy the releases before execution so plaintiff can provide a separate release for each provider. The attached release for psychotherapy notes must be provided in addition to a HIPAA release for that provider.
[2] A separate release must be provided for each of plaintiff s employers. A single release form is enclosed. Kindly rhotocopy the release before execution so plaintiff can provi de a sepa rate release for each empl oyer.
  A separate release m u st be p rovi ded for each insurance ca rrier. A si ngl e rel ease form is enclosed. Kindly photocopy the release before execution so plaintiff can provide a separate release for each insurance carrier.
[4] A separate release must be provided for each jurisdiction. Kindl y photocopy the release before execution so plaintiff can provide a separate release for each such jurisdiction.

7

17.     Complete and provide the annexed blank authorization for plaintiff's Medicare and/or Medicaid records.[5]

**See provided authorization.**



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## DISMISSAL UNDER CRIMINAL RULE 48(a)

☐ SUPERIOR COURT    ☐ FAMILY COURT    ☒ DISTRICT COURT

_Kent_ COUNTY / DIVISION

| 1. STATE OF RHODE ISLAND | 2. CASE NO. |
|---|---|
| VS. Christine Alberto | 32-2014-9864 |

Now comes the Attorney General of the State of Rhode Island and dismisses the above entitled matter under rule 48(a) Rules of Criminal Procedure for the following reason(s):

_Defendant surrendered herself to authorities in N.Y._

True copy as filed at
District Court-Kent County, Third Division

ATTEST:

_Da Bellero_

Clerk, District Court-Kent County, Third Division

Date: _4-24-17_

_Brittany Jadro_
Special/ Assistant Attorney General

_10/23/14_
Date

## DISTRIBUTION

PL 1

J-7 (Rev. 03/07)    WHITE - COURT    YELLOW - VICTIM    PINK - ATTORNEY GENERAL

| DISTRICT COURT NO. | COURT DIVISION | POLICE NO. | |
|---|---|---|---|
| 32-14-9864 | 3rd District | 14-449-AR | **STATE OF RHODE ISLAND DISTRICT COURT FUGITIVE COMPLAINT** |

| STATE EX REL | VS. DEFENDANT (NAME AND ALIAS) Alberto, Christine J. | |
|---|---|---|

DEFENDANT ADDRESS AND PHONE
87 Lonsdale Main St.
STREET Apt 2   CITY Lincoln   STATE RI   PHONE (401) 619-2208

| DEF. D.O.B. 5/29/93 | DEF. BCI NO. | DEF. SOC. SEC. NO. 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 | DEF. M.V. LIC. NO. RI 3091644 | DEMANDING STATE |
|---|---|---|---|---|

| OFFENSE DATE 6/13/14 | ☐ DIVERS DATE | OFFICER/COMPLAINANT Det Lt Dana Packur | 30 DAY CONTROL DATE 11/13/14 | DETERMINE ATTY DATE |
|---|---|---|---|---|
| POLICE DEPT./COMPLAINANT ADDRESS Lincoln Police Department 100 Old River Rd. Lincoln, RI 02865 | | | 60 DAY CONTROL DATE | OTHER CONTROL DATE |

TO ANY JUDGE OR JUSTICE OF THE PEACE:

ON BEHALF OF THE STATE OF RHODE ISLAND I SWEAR THAT THE ABOVE NAMED DEFENDANT HAS FLED FROM

JUSTICE IN THE STATE OF _New York_ AND THAT:

(a) ☑ THE DEFENDANT IS CHARGED WITH COMMITTING THE CRIME _Burglary_

ON _June 13_ , 20 _14_ .

(b) ☒ THE DEFENDANT HAS BEEN CONVICTED OF A CRIME IN THIS STATE AND HAS ESCAPED FROM

CONFINEMENT.

(c) ☒ THE DEFENDANT HAS BROKEN THE TERMS AND CONDITIONS OF BAIL, PROBATION OR PAROLE.

THE STATE OF _New York_ HAS GIVEN ASSURANCE THAT THEY WILL

IMMEDIATELY COMMENCE RENDITION PROCEEDINGS AND WILL EXTRADITE THE ABOVE NAMED DEFENDANT TO THE

DEMANDING STATE.

*True copy as filed from District Court-Kent County, Third Division* *ATTEST:* *Clerk District Court-Kent County, Third Division* *Deputy Clerk* *Date 4-24-17*

| OFFICER/COMPLAINANT X Det. Lt. Dana Pack | DATE 10/14/14 | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE X J Madul Ofle | DATE |
|---|---|---|---|

**ARRAIGNMENT**

| ARRAIGNMENT DATE 10/14/14 | ADVISED OF RIGHTS ☑ YES ☐ NO | EXTRADITION WAIVED ☐ YES ☐ NO | BAIL $ 100,000 | ATTORNEY NAME Danielle Reilly | ☐ PRIVATE ☐ COURT APPT. ☐ P.D. |
|---|---|---|---|---|---|

IN ACCORDANCE WITH R.I. GEN. LAWS § 12-9-18, THIS MATTER IS CONTINUED FOR FURTHER HEARING NOT TO EXCEED
(30) DAYS:

R/A 11/16/14 Status TBA
of waiving. 10-23-14

| HEARING DATE 11/13/14 | JUDGE X J Madul Ofle | DATE 10/14/14 |
|---|---|---|

**REASSIGNMENT**

IN ACCORDANCE WITH R.I. GEN. LAWS § 12-9-20, THE COURT HEREBY GRANTS AN EXTENSION FOR AN ADDITIONAL
PERIOD NOT TO EXCEED (60) DAYS FOR A GOVERNOR'S WARRANT TO ISSUE:

Bail Modified to
$50,000 w/ DLS/
R/A to 10/23/14

| HEARING DATE | JUDGE X | DATE |
|---|---|---|

DEFENDANT COPY PINK Review.   POLICE COPY YELLOW   ATTORNEY GENERAL COPY GOLD   COURT COPY WHITE

PL 2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHRISTINE ALBERTO,

                             Plaintiff,

            -against-

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department*, MICHAEL
MORALES *of the New York City Police Department*,
CONRAD PERRY *of the New York City Police
Department*,

                            Defendants
------------------------------------------------------------x

15 CV 9449 (AJN)

**RELEASE FOR
PSYCHOTHERAPY
NOTES**

TO: <u>Kellie Nason</u> [Health Care Provider]
    <u>1006 Charles St.</u> [Address]
    <u>North Providence 21</u> [City, State, Zip]
    <u>02904</u>

        Pursuant to the Health Insurance Portability and Accountability Act (HIPAA)
Privacy Regulations, 45 CFR § 164.508, YOU ARE HEREBY AUTHORIZED AND
DIRECTED to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New
York, attorney for the defendants in the above-captioned case, or to his authorized representative,
a certified copy of all psychotherapy notes of CHRISTINE ALBERTO (Date of Birth:
<u>05/29/93</u> ; SS #: <u>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</u>) who was examined or treated in your hospital or by you on
or about _____.

        The reason for this release of information is (a) at the request of individual, or (b)
_____. This authorization will terminate upon the resolution of my
lawsuit. The aforementioned expiration date has not passed as this matter is ongoing.

        I have the right to revoke this authorization in writing by providing a signed,
written notice of revocation to the health care provider listed above and to Zachary W. Carter,
except to the extent that the provider listed above has taken action in reliance on this
authorization. Medical providers may not condition treatment or payment on whether the above-
listed patient executes this authorization. The information disclosed pursuant to this authorization
may be subject to re-disclosure and no longer protected by the privacy regulations promulgated
pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Dated: ~~New York, New York~~ Cumberland, RI
      <u>07/14</u>, 2017

                                       CHRISTINE ALBERTO

State of Rhode Island
~~STATE OF NEW YORK~~ )
              : SS:
COUNTY OF <u>Providence</u>

        On the <u>14</u> day of <u>July</u>, 2017, before me personally came and
appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described

in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

NOTARY PUBLIC

LOUISE C LAFLAMME
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

## DESIGNATION OF AGENT FOR ACCESS TO RECORDS
### SEALED PURSUANT TO NYCPL §§ 160.50 AND 160.55

I, Christine Alberto, Date of Birth 05 29 1993, SS# 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
NYSID # _____ pursuant to CPL §§ 160.50 and 160.55, hereby designate ZACHARY
W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as
my agent to whom all records of any of my arrests may be made available.

I understand that until now the aforesaid records have been sealed pursuant to
CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons
designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom
the records may be made available is not bound by the statutory sealing requirements of CPL
§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all
records and papers relating to any and all of my arrests on file with any court, police agency,
prosecutor's office or state or local agency that were ordered to be sealed under the provisions of
CPL §§ 160.50 and 160.55.

_____
Signature

_____
Christine Alberto

STATE OF NEW YORK  Rhode Island  )
                                 : SS.:
COUNTY OF Providence             )

On the 1 day of July _____, 2017, before me personally came Christine Alberto
to me known and known to me to be the individual described in and who executed the foregoing
instrument, and she acknowledged to me that she executed the same.

LOUISE C LAFLAMME
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHRISTINE ALBERTO,

                                        Plaintiff,          **RELEASE FOR
                                                           EMPLOYMENT
                                                           RECORDS**

            -against-
                                                           15 CV 9449 (AJN)

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department*, MICHAEL
MORALES *of the New York City Police Department*,
CONRAD PERRY *of the New York City Police
Department*,

                                        Defendants
-------------------------------------------------------------x

TO:  CVS Health    1 CVS Drive, Woonsocket, RI
     NAME AND ADDRESS OF EMPLOYER

          **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire
employment record, including but not limited to the application, attendance records, disciplinary
records, performance evaluations, workers' compensation records, medical records/nurses
records, and/or any doctors notes, and psychiatric/psychological records of CHRISTINE
ALBERTO (Date of Birth: 05/29/1993 SS #: 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), employed by you from
03/17 until present

Dated:  Cumberland RI
        New York, New York
        07/14 , 2017

                                             _____
                                             CHRISTINE ALBERTO

STATE OF ~~NEW YORK~~ Rhode Island )
                                   )  SS:
COUNTY OF Providence               )

          On the 14 day of July , 2017, before me personally came and
appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that she
executed the same.

     LOUISE C LAFLAMME
     NOTARY PUBLIC                    _____
     STATE OF RHODE ISLAND            NOTARY PUBLIC
MY COMMISSION EXPIRES AUG. 14, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CHRISTINE ALBERTO,

                                        **UNEMPLOYMENT**
                           Plaintiff,    **RECORDS RELEASE**

        -against-                        15 CV 9449 (AJN)

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department*, MICHAEL
MORALES *of the New York City Police Department*,
CONRAD PERRY *of the New York City Police
Department*,

                                        Defendants
-------------------------------------------------------------x

TO: DEPARTMENT OF LABOR

        **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of
CHRISTINE ALBERTO (Date of Birth: 05 20 93  SS #: 152-82-925), who received
unemployment benefits from _____ to _____.

        The unemployment file authorized for release includes, but is not limited to, any
and all applications, determinations, correspondence, payments or credits made to such person.
Dated:   New York, New York  Cumberland, RI
         07 14 , 2017

                                        CHRISTINE ALBERTO

STATE OF NEW YORK Rhode Island
                                    : SS:
COUNTY OF Providence

        On the 14 day of July , 2017, before me personally came and
appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that she
executed the same.

LOUISE C LAFLAMME
NOTARY PUBLIC                   NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHRISTINE ALBERTO,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department,* MICHAEL
MORALES *of the New York City Police Department,*
CONRAD PERRY *of the New York City Police
Department,*

                                        Defendants
------------------------------------------------------------x

**RELEASE FOR
EMPLOYMENT
RECORDS**

15 CV 9449 (AJN)

TO: _280 LLC   280 Plainfield St  providence RI 02909_
NAME AND ADDRESS OF EMPLOYER

        **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire
employment record, including but not limited to she application, attendance records, disciplinary
records, performance evaluations, workers' compensation records, medical records/nurses
records, and/or any doctors notes, and psychiatric/psychological records of CHRISTINE
ALBERTO (Date of Birth: 05/29/93 SS # 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), employed by you from
01/16 until present.

Dated:    Cumberland RI
        New York, New York
        07/14, 2017

                                        _____
                                        CHRISTINE ALBERTO

STATE OF ~~NEW YORK~~ Rhode Island )
                                    ) SS:
COUNTY OF Providence )

        On the 14 day of July, 2017, before me personally came and
appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that she
executed the same.

                                        _____
LOUISE C LAFLAMME                       NOTARY PUBLIC
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:    Social Security Administration

Christine Alberto          05 29 1993          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
\* Name                      \* Date of Birth            \* Social Security Number

I authorize the Social Security Administration to release information or records about me to:

**\*NAME**                                    **\*ADDRESS**

_____        _____
_____        _____
_____        _____

\*I want this information released because: _____
_____
_____

\*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
*If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports,
determinations, etc.) _____

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

\*Signature: C.A.                          \*Date 07 12 2017

Relationship *(If not the individual)*: _____    \*Daytime Phone: 401-309-1073

Form SSA-3288 (07-2010) EF (07-2010)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHRISTINE ALBERTO,

                                                                        **MEDICARE RECORDS**
                                           Plaintiff,                   **RELEASE**

                     -against-                                          15 CV 9449 (AJN)

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department,* MICHAEL
MORALES *of the New York City Police Department,*
CONRAD PERRY *of the New York City Police
Department,*

                                              Defendants
-----------------------------------------------------------------------X

TO:    FOIA Service Center/FOIA Public Liaison
       Centers for Medicare Services
       26 Federal Plaza
       New York, NY 10278

       **YOU ARE HEREBY AUTHORIZED** and I hereby request you to furnish to
ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the
defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED
COPY** of the entire file of CHRISTINE ALBERTO (Date of Birth: 5\2\45;
SS #: 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), who received Medicare benefits from _____ to _____.

       The Medicare file authorized for release includes, but is not limited to, any and all
applications, determinations, correspondence, payments or credits made to such person.

       This Authorization will expire at the conclusion of the above-captioned litigation.

       I understand that I have the right to revoke this authorization at any time. I must do so by
writing to the same person(s) or class of persons that I directed this authorization to. The
revocation will not apply to information that has already been released in response to this
authorization.

       I understand that my refusal to authorize disclosure of my personal medical information
will have no effect on my enrollment, eligibility for benefits, or the amount Medicare pays for
the health services I receive.

I understand that information disclosed pursuant to this authorization may be re-disclosed by the recipient and may no longer be protected by law.

Dated: Cumberland RI
~~New York, New York~~
07/14, 2017

CHRISTINE ALBERTO

STATE OF ~~NEW YORK~~ Rhode Island )
                                    : SS:
COUNTY OF Providence )

On the 14 day of July, 2017, before me personally came and appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

NOTARY PUBLIC

LOUISE C LAFLAMME
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

NEW YORK STATE DEPARTMENT OF HEALTH
OFFICE OF HEALTH INSURANCE PROGRAMS
AUTHORIZATION TO RELEASE PROTECTED MEDICAID MEMBER INFORMATION TO A THIRD PARTY

Medicaid Member Name (required): _____

Date of Birth (required): 05 / 29 / 1993

At least one of the following identification numbers is required, preferably both.

Client Identification Number (CIN): _____ Social Security Number (SSN): ____-__-___

Persons/organizations authorized to receive or use the information:

Name: _____

Address: _____

_____

City: _____ State: _____ Zip: _____

Phone Number:(_____)_____

Dates authorized: ☐ All  OR  From ___/___/___  To ___/___/___  OR  ☐ To Present

Purpose of the use/disclosure: _____

Will the person/program requesting the authorization receive financial or in-kind compensation in exchange for using or disclosing the health information described above? Yes _____ No _____

1. I understand that my health care and the payments for my health care will not be affected if I do not sign this form except in some situations when information is needed for the health plan's eligibility or enrollment determinations relating to the individual.

2. I understand, with few exceptions, that I may see and copy the information described on this form if I ask for it, and that I may get a copy of this form after I sign it.

3. I may revoke this authorization at any time by notifying the Department of Health in writing at the address below, but, if I do, it will not have any effect on actions that the Department took before they received the revocation. If not previously revoked, this authorization will expire upon completion of this request or one year from the date this form is signed, whichever comes first.

4. I understand that this authorization is voluntary. I understand that if the organization authorized to receive the information is not a health plan, health care provider or clearinghouse, the released information may no longer be protected by federal privacy regulations, and therefore the recipient of the confidential data may re-disclose the confidential data.

By signing this form I understand that I am allowing the New York State Department of Health to use or disclose all of the payment information for the Medical Member as indicated above, including data on certain conditions such as HIV/AIDS, Mental Health and Alcohol and Substance Abuse. I specially authorize release of such information to the person(s) indicated above as the recipient.

_____    07/12/2017
Signature of Medicaid member or Agent    Date

_____
If not member, name of person signing for member    Authority to sign on behalf of member

_____
Witness Signature    Witness Name

Please return to:    Medical Data Warehouse - CDRs
NYSDOH - MISCNY
ESP P1-11S Dock J
Albany, New York 12237

AUTHORIZATION FOR DISCLOSURE OF INDIVIDUAL HEALTH INFORMATION
(Individual/Business/Consumer Representative)

**NYC** — Human Resources Administration Department of Social Services

PLEASE PRINT ALL INFORMATION

MAP-751D (E-S)    Rev. 08/18/05

**LOG #**

## SECTION A: COMPLETE THIS SECTION TO AUTHORIZE DISCLOSURE OF YOUR MEDICAID INFORMATION

Name: _____    SSN: _____    CIN: _____

Address: (where you want information

sent) _____

The NYC Medical Assistance Program is the provider of any information that is disclosed as a result of this request.

I hereby authorize the use or disclosure of my individually identifiable health information as described below.
I understand that this authorization is voluntary. I understand that if the organization authorized to receive the information is not a health plan, health care provider or clearinghouse, the released information may no longer be protected by federal privacy regulations, except that other federal and state law may prohibit the recipient from redisclosing information that may concern alcohol or substance abuse treatment or HIV/AIDS. In accordance with state law you may request a list of persons authorized to re-release HIV/AIDS related information.

1.  I understand that I will get a copy of this form when required by law.

2.  I may revoke this authorization at any time by notifying the Medical Assistance Program in writing. I also understand this revocation will not take effect until it is received.

3.  The Medical Assistance Program have not required me to sign this Authorization as a condition of receiving Medicaid benefits.

    **YOU MUST ANSWER THE QUESTIONS BELOW AND CHECK ALL RELEVANT BOXES.**

4.  a) ☐ I authorize (print-person/organization) _____
    with Medicaid. This Authorization will expire on _____ to act on my behalf and represent me
    THIS AUTHORIZATION IS SPECIFICALLY LIMITED TO INQUIRING AND RECEIVING MY ENROLLMENT INFORMATION, RESOLVING ELIGIBILITY ISSUES AND OTHER BENEFIT MATTERS THAT MAY ARISE.

    b) ☐ I authorize (print-person/organization) _____ to receive a
    copy of my Medicaid records.

    c) Describe in detail the records to be disclosed and be specific if you are limiting your request.

    _____
    _____ for the period of _____ until _____

    I consent to the release of my confidential HIV/AIDS information, Medical Health information and Alcohol and Substance abuse information unless a box is checked.

    DO NOT DISCLOSE INFORMATION ON: ☐ HIV/AIDS    ☐ Mental Health    ☐ Drug and Alcohol

5.  Have you received Medicaid services from any of the following?
    ☐ Home Attendant/Housekeeping Programs    ☐ Assisted Living Program    ☐ Nursing Home Program
    ☐ Long Term Home Health Care Program    ☐ Managed Long Term Care Program    ☐ Adult Protective Services
    ☐ Food Stamp Program

6.  While receiving Medicaid have you ever been: ☐ Disabled    ☐ Restricted to a specific Doctor or Pharmacy?

7.  Have you received Medicaid Transportation services (ambulance, ambulette etc.)? ☐ Yes    ☐ No

8.  Have you asked for a Medicaid Managed Care Exemption? ☐ Yes    ☐ No

Signature: _____    Phone: 401-309-1073 Date: 07/13/17

Acknowledged Medicaid representatives must submit this form through their normal Medicaid channels. LEGAL Medicaid business representatives must mail this form to MAP HIPAA Official, 330 West 34th Street New York, NY. 10001.

**OTHER PERSONAL REPRESENTATIVES MUST TAKE THIS FORM AND PHOTO ID TO A MEDICAID OFFICE**

## Section B: TO BE COMPLETED BY WORKER ACCEPTING REQUEST OR AUTHORIZATION

☐ I have verified the identification provided by client's representative.
☐ Authorized Representative accepted by MAP program area.

Name (Print) _____    Phone: _____    Date Received: _____

**RESPONSE TO YOUR AUTHORIZATION REQUEST**

## SECTION C: TO BE COMPLETED BY THE MEDICAL ASSISTANCE PROGRAM HIPAA OFFICIAL

The request made by the Medicaid recipient listed in the top of Section A above has been:

☐ APPROVED: Copy of all documents attached.
☐ PARTIALLY APPROVED: Copy of documents attached except those determined by a licensed health care professional, in the exercise of sound professional judgement, to be excludable by law. IF YOU WISH TO APPEAL THIS DECISION COMPLETE AND SUBMIT THE ATTACHED FORM.
☐ DENIED and NOT APPEALABLE because:

    ☐ The Medical Assistance Program has no information about you in the designated Medicaid records set.
    ☐ The authorization is defective.
    ☐ Other: _____

Signature of HIPAA Official: _____    Date: _____

You may file a complaint with: The Office for Civil Rights, Department of Health and Human Services, Jacob Javits Federal Building, 26 Federal Plaza, Suite 3312, New York, NY 10278; Telephone 212 264-3313 or 1-800-368-1019; Fax 212 264-3039, or TDD 212-264-2355. You may also file a complaint with NYS Medicaid Help Line Office, 518-486-9057 or 1-800-541-2831. TTY users should call 1-800-662-1220. You will not be penalized for filing a complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

CHRISTINE ALBERTO,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department*, MICHAEL
MORALES *of the New York City Police Department*,
CONRAD PERRY *of the New York City Police
Department*,

                                        Defendants

--------------------------------------------------------------x

**RELEASE FOR
INSURANCE
CARRIER RECORDS**

15 CV 9449 (AJN)

TO: _United Healthcare_

NAME AND ADDRESS OF INSURANCE CARRIER

        **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of
CHRISTINE ALBERTO (Date of Birth: 6/24/93; SS #: 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), who received benefits
from your insurance company.

        The insurance carrier file authorized for release includes, but is not limited to, any
and all applications, description of injuries, determinations, correspondence, payments or credits
and all documents relating to such person's claim for insurance benefits.

Dated:    ~~New York, New York~~  Cumberland RI
          9 | 14 , 2017

                                        _CHRISTINE ALBERTO_
                                        CHRISTINE ALBERTO

STATE OF ~~NEW YORK~~ *Rhode Island*  )
                                      : SS:
COUNTY OF _Providence_

        On the 14 day of _July_ , 2017, before me personally came and
appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that she
executed the same.

| LOUISE C LAFLAMME |
| NOTARY PUBLIC |
| STATE OF RHODE ISLAND |
| MY COMMISSION EXPIRES AUG. 14, 2017 |

_Louise C Laf_    NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHRISTINE ALBERTO,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, NICHOLAS ESTAVILLO *of
the New York City Police Department*, MICHAEL
MORALES *of the New York City Police Department*,
CONRAD PERRY *of the New York City Police
Department*,

                            Defendants
----------------------------------------------------------------x

**AUTHORIZATION TO
DISCLOSE MEDICAL
INFORMATION**

15 CV 9449 (AJN)

TO: _Coastal Medical 1445 Wampanoag Trail Riverside, R_
                                              _02915_
NAME AND ADDRESS OF MEDICAL PROVIDER

       I authorize the use and disclosure of CHRISTINE ALBERTO'S health information as described below.

       **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire medical or hospital record of CHRISTINE ALBERTO (Date of Birth:_05|29|03_; SS #:_B2-82-9207_) who was examined or treated in your hospital or by you on or about_____.

       The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

       I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse.

       This information may be disclosed to and used by the following organization: The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

       I understand I have the right to revoke this authorization at any time. In understand if I revoke this authorization I must do so in writing and present my written

revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition:_____. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated: Cumberland RI
~~New York, New York~~
07/14, 2017

_____
CHRISTINE ALBERTO

STATE ~~OF NEW YORK~~ Rhode Island    )
                                      : SS:
COUNTY OF Providence )

On the 14 day of July, 2017, before me personally came and appeared CHRISTINE ALBERTO, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

LOUISE C LAFLAMME
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES AUG. 14, 2017

_____
NOTARY PUBLIC



**HHC**

NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| Christine Alberto 8 edgewood ave Cumberland RI 02864 | 05 29 1993 | 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 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |
| | | 401-319-1073 |

NAME OF HEALTH PROVIDER TO RELEASE INFORMATION

DR. Garg coastal medic
1445 wampanog trail
riverside, RI 02915

NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT

SPECIFIC INFORMATION TO BE RELEASED:
Information Requested _____

Treatment Dates from _____ to _____

INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please notes unless all of the boxes are checked, we may be unable to process your request.

☐ Alcohol and/or Substance Abuse Program Information          ☑ Mental Health Information

☐ Genetic Testing Information          ☐ HIV/AIDS-related Information

REASON FOR RELEASE OF INFORMATION

☑ Legal Matter   ☐ Individual's Request

☐ Other (please specify) _____

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)

☐ Event: _____          ☐ On this date: _____

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH, and/or CONFIDENTIAL HIV/AIDS RELATED INFORMATION, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| *[signature]* | |
| DATE 07/12/2017 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

From: Montell Figgins     Fax: (973) 242-4700     To:          Fax: (401) 772-4006     Page 17 of 30 07/14/2017 11:06 AM

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

OCA Official Form No.: 960



| Patient Name: **Christine Alberto** | Date of Birth **05/29/1993** | Social Security Number **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** |
|---|---|---|

Patient Address **8 edgewood ave cumberland RI 02864**

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9. (a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other: _____

Include: *(Indicate by Initialing)*
_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
       Initials                                    Name of individual health care provider
to discuss my health information with my attorney, or a government agency, listed here:
_____
(Attorney/ Firm Name or Government Agency Name)

| 10. Reason for release of information: ☐ At request of individual ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Signature of patient or representative authorized by law.     Date: **07/12/2017**

Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

 

STATE OF RHODE ISLAND       AND PROVIDENCE PLANTATIONS

## DISMISSAL UNDER CRIMINAL RULE 48(a)

☐ SUPERIOR COURT     ☐ FAMILY COURT     ☒ DISTRICT COURT

Kent _____ COUNTY / DIVISION

| 1. STATE OF RHODE ISLAND | 2. CASE NO. |
|---|---|
| VS. Christine Alberto | 32-2014-9864 |

Now comes the Attorney General of the State of Rhode Island and dismisses the above entitled matter under rule 48(a) Rules of Criminal Procedure for the following reason(s):

Defendant surrendered herself to authorities in NY.

True copy as filed at
District Court-Kent County, Third Division

ATTEST:

_Da. Bellere_

Clerk, District Court-Kent County, Third Division

Date: 4-24-17

_Brittany Tedesco_                          10/23/14

Special/ Assistant Attorney General                          Date

**DISTRIBUTION**

J-7 (Rev. 03/07)          WHITE - COURT          YELLOW - VICTIM          PINK - ATTORNEY GENERAL

| DISTRICT COURT NO. | COURT DIVISION | POLICE NO. | |
|---|---|---|---|
| 32-14-9864 | 3rd District | 14-449-AR | **STATE OF RHODE ISLAND**<br>**DISTRICT COURT**<br>**FUGITIVE COMPLAINT** |

| STATE EX REL | VS. DEFENDANT (NAME AND ALIAS) |
|---|---|
| | Alberto, Christine J. |

DEFENDANT ADDRESS AND PHONE
87 Lonsdale Main St.

| STREET | Apt 2 | CITY Lincoln | STATE RI | PHONE (401)617-2208 |
|---|---|---|---|---|

| DEF. D.O.B. | DEF. BCI NO. | DEF. SOC. SEC. NO. | DEF. M.V. LIC. NO. | DEMANDING STATE |
|---|---|---|---|---|
| 5/29/93 | | 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 | RI 3091644 | |

| OFFENSE DATE | DIVERS DATE | OFFICER/COMPLAINANT | 30 DAY CONTROL DATE | DETERMINE ATTY DATE |
|---|---|---|---|---|
| 6/13/14 | ☐ | Det. Lt. Dana Packer | 11/13/14 | |
| POLICE DEPT./COMPLAINANT ADDRESS | | | 60 DAY CONTROL DATE | OTHER CONTROL DATE |
| Lincoln Police Department 100 Old River Rd. Lincoln, RI 02865 | | | | |

TO ANY JUDGE OR JUSTICE OF THE PEACE:

ON BEHALF OF THE STATE OF RHODE ISLAND I SWEAR THAT THE ABOVE NAMED DEFENDANT IS A FUGITIVE FROM JUSTICE IN THE STATE OF _New York_ AND THAT:

(a) ☑ THE DEFENDANT IS CHARGED WITH COMMITTING THE CRIME OF _Burglary_

ON _June 13_, 20 _14_

(b) ☑ THE DEFENDANT HAS BEEN CONVICTED OF A CRIME IN THIS STATE AND HAS ESCAPED FROM CONFINEMENT.

(c) ☑ THE DEFENDANT HAS BROKEN THE TERMS AND CONDITIONS OF BAIL, PROBATION OR PAROLE.

THE STATE OF _New York_ HAS GIVEN ASSURANCE THAT THEY WILL IMMEDIATELY COMMENCE RENDITION PROCEEDINGS AND WILL EXTRADITE THE ABOVE NAMED DEFENDANT TO THE DEMANDING STATE.

*True copy as filed*
*District Court-Kent County, Third Division*
*ATTEST:*
*Clerk District Court-Kent County, Third Division*
*Date:*

| OFFICER/COMPLAINANT | DATE | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE | DATE |
|---|---|---|---|
| X Det Lt. Dana Pack | 10/14/14 | X J Madul Ofm | |

**ARRAIGNMENT**

| ARRAIGNMENT DATE | ADVISED OF RIGHTS | EXTRADITION WAIVED | BAIL | ATTORNEY NAME | ☐ PRIVATE ☐ COURT APPT. ☐ P.D. |
|---|---|---|---|---|---|
| 10/14/14 | ☑ YES ☐ NO | ☐ YES ☐ NO | $ 100,000 | | |

IN ACCORDANCE WITH R.I. GEN. LAWS § 12-9-18, THIS MATTER IS CONTINUED FOR FURTHER HEARING NOT TO EXCEED (30) DAYS:

R/A 11/16/14 Status 48a
of waiving.   10-23-14

| HEARING DATE | 11/13/14 | JUDGE | DATE |
|---|---|---|---|
| | | X J Madul Ofm | 10/14/14 |

**REASSIGNMENT**

IN ACCORDANCE WITH R.I. GEN. LAWS § 12-9-20, THE COURT HEREBY GRANTS AN EXTENSION FOR AN ADDITIONAL PERIOD NOT TO EXCEED (60) DAYS FOR A GOVERNOR'S WARRANT TO ISSUE:

Bail Modified to $50,000   D/S/
R/A to 10/23/14

| HEARING DATE | JUDGE | DATE |
|---|---|---|
| | X | |

| DEFENDANT COPY | POLICE COPY | ATTORNEY GENERAL COPY | COURT COPY |
|---|---|---|---|
| PINK | YELLOW | GOLD | WHITE |

SPCC   Review.

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

CHRISTINE ALBERTO,                                          Civil Action No. 1:15-cv-9449

                Plaintiff,

    -against-

THE CITY OF NEW YORK; NICHOLAS ESTAVILLO OF
THE NEW YORK CITY POLICE DEPARTMENT;
MICHAEL MORALES OF THE NEW YORK CITY POLICE
DEPARTMENT; CONRAD PERRY OF THE NEW YORK
CITY POLICE DEPARTMENT,

                Defendants.

——————————————————————————X

    **PLEAE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil
Procedure, plaintiff will take the deposition of Defendants Michael Morales of the New York City Police
Department, Conrad Perry of the New York City Police Department, and Nicholas Estavillo of the New
York City Police Department at 17 Academy St., Newark, NJ 07102, beginning on a date to be
determined by plaintiff and continuing from day to day thereafter, or upon such adjourned date as may be
agreed upon, until concluded. Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, the
deposition will be recorded by sternographic and/or audiovisual means.

Dated: July 5, 2017                                          Respectfully submitted,

                                        /s/ Montell Figgins, Esq.
                                        Montell Figgins, Esq.
                                        The Law Offices of Montell Figgins
                                        17 Academy St., Suite 305
                                        Newark, NJ 07102
                                        (973) 242-4700 (t)
                                        (973) 242-4701 (f)
                                        *Counsel for Plaintiff*

1

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with local rules. As such this motion and proposed order was served on counsel.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Montell Figgins, Esq.
Montell Figgins, Esq.
The Law Offices of Montell Figgins
17 Academy St., Suite 305
Newark, NJ 07102
(973) 242-4700 (t)
(973) 242-4701 (f)
*Counsel for Plaintiff*

</div>